HATCH WHITFIELD *v.* WILLIAM P. ROGERS.

The principle is well established, that every common trespass is not a foundation for an injunction, where it is only contingent and temporary; but if it continue so long as to become a nuisance, the court will interfere and grant an injunction.

The rule is laid down that, in order to give jurisdiction, there must be such an injury, as from its nature is not susceptible of being adequately compensated by damages at law, or such as, from its continuance or permanent mischief, must occasion a constantly recurring grievance.

A private individual may obtain an injunction to prevent a public mischief, by which he is affected in common with others.

ON appeal from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The facts are substantially stated in the opinion of the court.

*Goodwin* and *Sale*, for appellant.

A court of chancery will only interfere by way of injunction where the mischief is irreparable. There must be such an injury as from its nature is not susceptible of being adequately compensated for by damages. That a mere diminution of the value of the premises is not a ground for an injunction. See 3 Dan. Ch. Pr. 1858, 1859, and authorities cited; *Ingraham* v. *Dunuell*, 5 Met. 118; *Mohawk and Hudson Railroad Company* v. *Archer*, 6 Paige, 83; 5 Met. 8; 16 Pick. 512, 525.

The same principle, that a mere diminution of the value of property by the nuisance, without irreparable mischief, will not furnish any ground for equitable relief, may be found in 2 Story, Eq. Juris. 925, and authorities cited; *Attorney-General* v. *Nichol*, 16 Ves. 342; 2 Swanst. 336; 3 Mylne & Keene, 169; 4 Hen. & Mun. 174 (note to Eden on Inj. 162).

The fears of mankind, however reasonable, will not create a nuisance, and bills to restrain them extend to such only as are nuisances at law. Eden on Inj. 263; 3 Ala. 751.

So far as the private injury that would result to the complainant is concerned, from the erection of this dam, he has not brought himself within the rule above referred to. He must

show loss of trade, loss of health, destruction of the means of subsistence, or permanent ruin to property. 2 Story, Eq. § 926.

*O. H. Whitfield*, on the same side,

To show that the decree of the chancery court was erroneous, cited and commented on 2 Story, Eq. § 925; Eden, Inj. 269; Mitf. Eq. Pl. 26; Ib. 144; 16 Ves. 342; 3 Black. Com. 220; 15 East, 594; Jeremy, Eq. 309; 2 Johns. C. 371.

The bill ought to have been dismissed on demurrer. Story, Eq. Pl. § 487; Mitf. Eq. Pl. 151 (S. C.); Story, Eq. Pl. § 10.

*Lindsey* and *Copp*, for appellee, filed no brief.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill filed in the district chancery court at Fulton, by the appellee, against the appellant, to enjoin him from the erection of a mill-dam. The bill alleges, in substance, that the complainant's lands, which lay in the vicinity of the mill-dam about to be made, would be inundated by the construction of it, so that their value would be greatly lessened and much of the timber killed, by the damming up of the water; and that the health of the neighborhood would be greatly injured by the stagnation of the water produced by the dam. The answer denies the material allegations of the bill, and much testimony was taken on both sides. The vice-chancellor directed the following issues to be tried in the circuit court of Monroe county, where the matter complained of was located. 1. Whether the mill-dam would operate a private nuisance to the complainant. 2. Whether or not it would operate a public nuisance to the neighborhood in which it was to be erected.

And on the trial in the circuit court the jury found a verdict, that it would operate as a public nuisance; upon the return of which verdict to the vice-chancery court, a perpetual injunction was decreed; and hence the case is brought to this court.

1. It is insisted, in the first place, on the part of the appellant, that the complainant was not entitled to relief in equity on the ground of the private nuisance; because relief in equity will

only be granted in such cases where the mischief is irreparable and cannot be compensated in damages. Authorities are to be found holding this doctrine; but the modern and more approved cases extend the relief in equity much further, upon the just principle of interposing to prevent the evil, rather than to compensate for it after it has been committed. Thus it is held to apply to cases of diversion of watercourses, or pulling down banks, and exposing the complainant to inundation. Eden on Injunc. 269; 1 Bro. C. C. 588; 10 Ves. 194. In *Coulson* v. *White*, 3 Atk. 31, Lord Hardwick said, " Every common trespass is not a foundation for an injunction, where it is only contingent and temporary; but if it continues so long as to become a nuisance, the court interferes, and will grant an injunction." Judge Story lays down the rule thus : in order to give the jurisdiction, he says, " there must be such an injury as from its nature is not susceptible of being adequately compensated by damages at law, or such as, from its continuance or permanent mischief, must occasion a constantly recurring grievance, which cannot be otherwise prevented but by an injunction." 2 Story, Eq. Jur. § 925.

These principles fully justify the relief sought in this case. The inundations occasioned by the erection of the dam, the injuries thereby caused to the complainant's lands, and the periodical destruction of his timber, did not constitute a single trespass, but, from their nature, must have been " constantly recurring grievances." It would have been unreasonable and oppressive to force the complainant into a court of law to redress each repetition of the injury as it might recur from time to time; and therefore, on the very principle of " suppressing interminable litigation," and of " preventing multiplicity of suits," courts of equity alone can give just and adequate relief in such cases.

2. The appellant urges, that the complainant was not entitled to an injunction on the ground of a public nuisance, because a private individual cannot come into a court of equity for relief from a public nuisance, unless he avers and proves some special injury; and that there is no such averment in this case. He contends, that the proper mode of proceeding is by indictment

Whitfield *v.* Rogers.

at law, or by information in equity, at the suit of the attorney-general or the State. We do not think these positions well founded.

An indictment could only result in an abatement of the nuisance after it had been committed. It could not prevent the mischief arising from it before the indictment could be tried and the judgment carried into execution. That remedy would, therefore, be inadequate.

As to the right of the complainant to seek the relief, the bill states, that the health of the neighborhood would be greatly injured by the stagnation of water produced by the dam, and it shows that the complainant's lands lay within a short distance of it, and would be affected by it. His property, therefore, as a place of residence, or as a plantation and abode of slaves, must necessarily have been injured; and this must strike the mind almost as forcibly as if it had been distinctly alleged in the bill, that this cause of disease would extend to him or his family or slaves, or would diminish the market value of his lands. But it appears, by the proof, that he resides upon the lands; so that it sufficiently appears he was subject to the evil complained of. It is well settled, that a private individual may obtain an injunction to prevent a public mischief, by which he is affected in common with others. Eden on Inj. 267. Judge Story says, a court of equity will interfere in such cases, " upon the application of private parties directly affected by the nuisance." 2 Story, Eq. Jur. § 924 ; 12 Peters, 98.

But here the matter is not only presented as a public nuisance, but it is also alleged that a special injury, apart from the mischief to the public health, would be sustained by the complainant, in the damage to his lands and timber. This will justify a private individual in seeking relief for a public nuisance producing special injury to himself. *Crowder* v. *Tinkler*, 19 Ves. 622 ; 12 Peters, 98.

No objection is made to the sufficiency of the evidence to sustain the verdict, and it must be taken as correct and to support the allegations of the bill.

We are therefore of opinion, that there is no error in the decree, and it must be affirmed.