City of Meridian v. S. A. Ragsdale et al.

1. Taxes: Illegally Laid. *Municipal corporation. Injunction.*
   The chancery court has jurisdiction to enjoin the collection of a tax illegally assessed and levied by a municipal corporation. See *Ball v. City of Meridian, post,* 91.

2. Same. *Part of tax assessable. Injunction as to excess. Tender.*
   Where part of a tax is legally assessable, and this is tendered to the collector and refused, a bill to enjoin collection of the excess is maintainable, without paying or tendering with the bill the amount admitted to be legal.

From the chancery court of Lauderdale county.

Hon. S. Evans, Chancellor.

This is an appeal from a decree overruling a demurrer to a bill which was filed December 8, 1888, by S. A. Ragsdale to enjoin the collection of a tax alleged to have been illegally assessed and laid on certain real and personal property of the complainant by the city of Meridian for the fiscal year 1887–8.

The bill sets out that the property of complainant was assessed by the city assessor for the fiscal year, being valued at $80,100, and the assessment was lodged with the city clerk as required by the charter; that afterwards, in disregard of the city charter, a committee of three aldermen and three councilmen, assuming to act as a " board of equalizers," without evidence and without legal notice, reviewed this assessment and valued the property for taxation at $148,150, which greatly exceeded the true value; that the action of these equalizers was adopted at a joint meeting of the two boards subsequently held, and the books were closed, and that notice of these proceedings was not given as the charter provides. It is further shown in the bill that the levy of taxes was made at a joint meeting of the boards of aldermen and councilmen, presided over by the mayor, whereas the charter requires the levy of taxes to be made by ordinance passed by each board separately, and approved by the mayor. These irregularities in the proceedings of the municipal authorities are set out at length in the bill, and there are other objections to the proceedings, but it is not deemed necessary to state

them at length, as it is not contended on behalf of appellant that the taxes were legally laid. The levy was one per cent., making the amount of tax on the original valuation, as fixed by the assessor, $800.50, while, according to the increased valuation, the amount was $1481.50, and this amount the authorities were proceeding to collect when enjoined. The tax sought to be enjoined was $681, the difference between the two sums. Among other things, the bill makes this allegation : "And complainant further shows and states that she has tendered to James A. Gully, city collector, the taxes due on the property hereinbefore described, according to the valuation put upon the same by the city assessor, but that said collector has refused to receive said sum in discharge and payment of the taxes due on said property." The bill also states that the tax laid on the property of complainant is under the law a lien or an apparent lien on the same, and casts a cloud upon her title : and that a still further cloud will be cast upon the title to the real estate if the collector sells and conveys the same, and that complainant would be involved in law suits with the purchasers. In accordance with the prayer of the bill, a preliminary injunction was granted against the collection of the tax, except the said sum of $800.50.

A demurrer was interposed, setting up various objections to the relief sought, the grounds of demurrer being substantially as follows : 1. That complainant had a plain and adequate remedy at law, and therefore the chancery court had no jurisdiction to enjoin collection of the tax. 2. That it is not shown that the tax complained of is illegal, the errors complained of amounting only to an irregularity in the assessment and levy. 3. That the complainant failed to tender the amount of the tax admitted to be due.

The demurrer was overruled and the defendant, without answering, appealed. Pending the suit, the complainant died, and the cause was revived in the name of W. W. George, executor of her will.

The power of the city to levy the tax is not disputed, the only objection urged by complainant being illegality in the proceedings of the municipal authorities, and the over-valuation of her property.

*Williams & Russell,* for appellant.

1. Complainant had a plain and adequate remedy at law, and having failed to avail of it, equity will not enjoin the collection of the tax. *Coulson* v. *Harris,* 43 Miss. 728; *Noxubee County* v. *Ames,* MSS. Op.; Cooley on Taxation, 762; High on Inj., § 371; 69 Am. Dec. 204, note; 45 Miss. 710; 51 Ib. 27; *Anderson* v. *Ingersoll,* 62 Ib. 73.

It is settled in Mississippi, that a party having a legal remedy against an illegal tax will not be heard in equity, except in one or two cases of imperious necessity.

Complainant could have paid the tax under protest and recovered it from the city or the tax collector. 56 Miss. 72; 59 Ib. 389; 1 Pom. Eq. 288, note; 2 Dill. Mun. Cor., p. 921, note; *State R. R. Tax Cases,* 92 U. S. 575; *Arnold* v. *Cambridge,* 106 Mass. 352.

No appeal was given, but the common law remedy by *certiorari* existed. No matter what the legal remedy is, the tax-payer must avail of it. That the remedy by *certiorari* existed, see *Holberg* v. *Macon,* 55 Miss. 112; 2 Dill. Mun. Cor., § 926; *Whiting* v. *Boston,* 106 Mass. 93.

The case of *R. R. Co.* v. *Moseley,* 52 Miss. 137, is not in conflict with our view.

Under the rule laid down in some states and by the supreme court of the United States, an injunction lies only where there is a want of authority to levy the tax, and not where the power has been exercised in an irregular or illegal manner. High on Inj., § 355, and note 3.

2. Before a complainant can have the aid of a court to be relieved of a tax, that which is legally due must be paid. *State R. R. Tax Cases,* 92 U. S. 575; 8 Wait's A. & D., p. 322; 52 Miss. 137; 1 Pom. Eq., § 393; 16 Mich. 176; 60 Miss. 903; 103 U. S. 732.

Complainant must do equity.

There is no cloud cast upon title which equity will relieve where the clouding grows out of the neglect of the tax-payer to pursue a legal remedy. 2 Dill. Mun. Cor., p. 921, note; *Noxubee Co.* v.

*Ames, supra.* In *McDonald* v. *Murphree,* 45 Miss. 710, there was a threatened sale of all the land in the county, to pay a tax, yet this court held that there was an adequate remedy at law, and refused to grant relief in equity.

This court has leaned to a liberal policy in favor of the state and its subdivisions, and denies to tax-payers the right to tie up by injunction the funds out of which protection is afforded to the persons and property of all.

*J. S. Hamm,* for appellee.

1. The provisions of the charter in relation to the assessment and collection of taxes are for the benefit and protection of the tax-payer, and must be obeyed. Cooley on Taxation, pp. 280–7 ; Ib. 362–366 ; *French* v. *Edwards,* 13 Wall. 506 ; Welty on Assessments, §§ 3, 220 ; Black. on Tax Titles, §§ 27–29.

(Counsel here made an elaborate argument, citing various provisions of the city charter and numerous authorities showing illegality of the assessment and levy of the tax in question. But, as the departure of the authorities from the requirements of the charter was so great, and the invalidity of the tax so manifest, it is not deemed necessary to give these authorities.)

2. Admitting by the demurrer all the charges of the bill, as to the illegality of the tax, it is claimed by opposite counsel that appellee had an adequate remedy at law. *Holberg* v. *Macon,* 55 Miss. 112, is no authority for the position that *certiorari* was an adequate legal remedy in this case. That writ has never been used or suggested as a remedy in this state for reviewing an illegal assessment or levy of taxes. It lies only to review judicial action and is not applicable to a case like this. Cooley on Taxation, pp. 753–7 ; *Allen* v. *Levee Commissioners,* 57 Miss. 166 ; 63 Ib. 308 ; 64 Ib. 446. Many of the facts stated in the bill do not appear of record, and consequently they could not be reviewed by *certiorari.* On this point see the very able opinion of the supreme court of Michigan, delivered by Judge Cooley, in the case of *Whitbeck* v. *Hudson,* 14 N. W. Rep. 708.

The authorities cited by opposite counsel do not sustain the position that the remedy of complainant was to pay the tax and sue to

recover the money. On this point see Cooley on Taxation, 772, 773 ; High on Inj., §§ 359, 367–70 ; *Woodman* v. *Auditor* (Mich.), 17 N. W. Rep. 227 ; *Earl* v. *Duras* (Neb.), 13 Ib. 206 ; *M. & O. R. R. Co.* v. *Moseley,* 52 Miss. 137.

To defeat the jurisdiction of equity, it must appear not only that the party has a remedy at law, but that it is plain and adequate. *Irwin* v. *Lewis,* 50 Miss. 363 ; *Richardson* v. *Brooks,* 52 Ib. 118 ; *State use, etc.* v. *Brown,* 58 Ib. 835 ; 3 Peters, 210; 5 Wall. 78 ; Cooley on Taxation, 761 ; 2 Dill. Mun. Cor., § 738 ; 17 Am. Dec. 582.

Equity has jurisdiction to prevent a cloud upon the title that would be caused by a tax deed which is presumptively good. Cooley on Taxation, 779–80 ; High on Inj., § 367 ; 2 Dill. Mun. Cor., § 738.

The injunction in this case is to be regarded with more favor since the tax in question does not constitute part of the revenue of the state. *State R. R. Tax Cases,* 92 U. S. 615 ; High on Inj., § 369.

3. The bill shows the amount of the excess of tax claimed to be illegal, and only asks to have the collection of such illegal excess restrained. It cannot be dismissed for want of a formal offer to pay the legal tax. The amount legally due or assessable was tendered to the collector before suit, and he declined to receive it in full satisfaction. On this point see Cooley on Taxation, p. 763, note 1 ; *Clement* v. *Everest,* 29 Mich. 19 ; *R. R. Co.* v. *Moseley, supra.*

CAMPBELL, J., delivered the opinion of the court.

The case made by the bill is a proper one for the exercise of jurisdiction by the chancery court. The tax complained of and enjoined was being attempted to be collected without authority of law.

As the bill avers a tender by the complainant to the collector of all taxes legally assessable upon the property according to the allegations of the bill, and seeks to enjoin only the excess claimed, the objection to the bill that the taxes admitted to be due were not

paid or tendered is without merit.   *Clement* v. *Everest,* 29 Michigan, 19 ; *Montgomery* v. *Sayre,* 65 Alabama, 564.

The claim of complainant is that no taxes were legally levied, but as a certain sum was leviable, she was willing and offered to pay that to the collector before exhibiting her bill.   True, the offer is not repeated by the bill, but as the city is not enjoined as to the sum admitted to have been leviable, and that may be obtained at its pleasure, the omission to renew the offer of payment in the bill does not make it demurrable.   Should the city call on complainant for that sum, and be denied it, and that be brought to the notice of the chancellor, it would be proper matter for consideration on an application to discharge the injunction.

*Affirmed, and remanded for an answer within thirty days after mandate filed in the court below.*

WOODS, C. J., takes no part in this decision.