### JOHN T. BALL *v.* CITY OF MERIDIAN.

TAXES : ILLEGALLY LAID.   *Municipal corporation.   Injunction.   Tender, when unnecessary.*

> If by reason of illegal proceedings on the part of municipal authorities in attempting to assess and levy taxes no valid charge is fixed, the owner of land sought to be bound may enjoin collection of such taxes, and need not as a condition of relief pay or offer to pay the amount that would be due if the assessment and levy had been legally made.   See *City of Meridian* v. *Ragsdale, ante,* page 86.

FROM the chancery court of Lauderdale county.

HON. S. EVANS, Chancellor.

The bill in this case was filed by appellants December 17, 1888, to enjoin the collection of certain taxes alleged to have been illegally assessed and levied by the city of Meridian on certain real estate of the complainants in said city, for the fiscal year 1887–8.   The assessment and levy are the same as involved in *City of Meridian* v. *Ragsdale, ante,* page 86, there being some additional allegations

in the bill going to show the illegality of the proceedings of the municipal authorities in attempting to lay the taxes, and as to the improper purposes for which a part of the levy was made.

As in the *Ragsdale* case, the power of the city to levy the tax by appropriate proceedings is not questioned. Nor is there any question as to the liability of the property to taxation. But, in the matter of the assessment and levy of the taxes, the authorities failed to observe the requirements of the city charter.

The bill shows that the property of complainants was assessed and valued by the city assessor and placed upon the assessment roll, which was lodged with the city clerk as required by law; that no objection was made to it, but afterwards a committee of three from the board of aldermen and three from the councilmen acting as a "board of equalization," without authority of law and in disregard of the charter, reviewed this assessment and raised to much higher figures the valuation of the property of complainants as it had been fixed by the assessor; that this was done arbitrarily and without evidence or personal knowledge on the part of said equalizers, and that the valuations were raised far above the cash value of said property; that legal notice in respect to the assessment rolls was not given and after the change in the assessment that twenty days' time within which to file objections was not given as required by the charter. The bill further shows that no levy of taxes was authorized to be made except by ordinance enacted by the boards of aldermen and councilmen acting separately and approved by the mayor, but that after the raise in the assessment of complainants' property, the two boards met in "joint session," presided over by the mayor, and assumed to levy the city taxes for the year, all of which was illegal; that on account of the change in the valuation of said property the tax thereon was very greatly increased; that no notice of the levy of taxes was given to tax-payers by publication as directed by the charter; that the taxes constituted a lien or an apparent lien on the property of complainants and cast a cloud upon the title; that complainants are without remedy at law and will suffer irreparable injury unless protected by a court of equity. The various objections to the proceedings of the city authorities in

the assessment and levy of the taxes are not given in full, as it is manifest from what is here stated that these proceedings were unwarranted, and it is not claimed on behalf of the city in this case that the taxes as levied were valid.

The prayer of the bill is that the collection of the taxes be perpetually enjoined, and that the proceedings of the municipal authorities in the assessment, levy, and collection thereof be declared void. It was not alleged that any offer had been made to pay the taxes or any part thereof, and no tender was made in the bill. The levy was one per cent., which was within the limit allowed by the charter.

A preliminary injunction was granted in accordance with the prayer of the bill.

On behalf of the city a demurrer was interposed, the main grounds of which are: that there is a remedy at law; that no tender of the taxes due had been made; that the city had the power to levy the taxes, and irregularities only are complained of; that there is a misjoinder of parties complainant. The demurrer was sustained, the injunction dissolved, and the bill dismissed. A decree was entered against each of the complainants, and the sureties on the injunction bond for the full amount of the taxes claimed of them respectively, with ten per cent. damages, under the statute, and all costs. The decree of dismissal was absolute as to the amount of taxes on the basis of the original valuation, and without prejudice as to the excess.

From this decree complainants appeal.

*Witherspoon & Witherspoon,* for appellants.

1. There is no misjoinder of parties. It is competent for different tax-payers to join in the same bill for relief against an illegal tax: they have a common interest as to this. Code 1880, § 1831; Cooley on Taxation, pages 545, 546, and authorities there cited.

2. As to the illegality of the tax, caused by the failure of the municipal authorities to comply with the requirements of the charter, and the jurisdiction of the chancery court to enjoin collection of the tax so illegally laid, see Cooley on Taxation, 285-7; Ib. 539, 547; *Slaughter* v. *Louisville,* 8 S. W. Rep. 917 (Ky.);

High on Inj., § 354; Ib., §§ 360 to 374; 50·Ill. 424; 4 Paige (N. Y.) 384; 18 Ohio, 318; 11 Cal. 380; 21 Ill. 610; 53 Ib. 541; 12 Wis. 616; 22 Ind. 262; 18 Md. 284; *Coulson* v. *Harris*, 43 Miss. 728; *Anderson* v. *Ingersoll*, 52 Ib. 73; *Noxubee Co.* v. *Ames*, MSS. Op.; Code 1880, § 1831; 3 N. E. Rep. 846.

The authorities acted without evidence and arbitrarily. This amounted to a fraud on complainants, and of itself entitled them to relief. 43 Miss. 759; 3 Wait's A. & D. 720; 24 Mich. 170; 43 Ill. 428; Cooley on Taxation, 547.

The taxes enjoined, being made a lien by statute, constitute a cloud upon the title of complainants, and this is ground for equitable relief. *Irwin* v. *Lewis*, 50 Miss. 363; 45 Ib. 711; 11 Wall. 110; Cooley on Taxation, 542, 761, 779, 780; 2 Dill. Mun. Cor., §§ 733, 738; 17 Am. Dec. 582; High on Inj., p. 205, § 367; Code 1880, § 1883.

Complainants had no adequate legal remedy. *Coulson* v. *Harris*, 43 Miss. 728. *Certiorari* was not an adequate or proper remedy. 2 Dill. on Mun. Cor., p. 751; Cooley on Taxation, 437, 753-7; 57 Miss. 166; 63 Ib. 204; 64 Ib. 446; *Whitbeck* v. *Hudson*, 14 N. E. Rep. 708.

3. The whole tax is void, and it was not necessary to pay or tender any part of it. 3 Wait's A. & D. 721; *County of Valencia* v. *R. R. Co.*, 10 Pacf. Rep. 299; *State R. R. Tax Cases*, 92 U. S. 674; *M. O. R. R. Co.* v. *Moseley*, 52 Miss. 137; *Deason* v. *Dixon*, 54 Ib. 588; *Smith* v. *Vicksburg*, Ib. 615; Cooley on Taxation, 763-5; *Clement* v. *Everest*, 29 Mich. 19.

Where part of the tax is legal and part is illegal, that which is legal must be paid, or tendered. But here no part of the tax is legal because both the assessment and the levy are void.

*S. A. Witherspoon,* of counsel for appellant, made an oral argument.

*Williams & Russell,* for appellee.

1. This case is much like that of *Meridian* v. *Ragsdale, supra,* 86, and as all the points in that case are to be passed on in this, we refer to our brief in that cause. Mrs. Ragsdale sought to enjoin the col-

lection of the tax in excess of the valuation as placed upon her property by the assessor, while here the complainants seek to enjoin the entire tax, and do not tender or offer to pay any part of the tax.

If anything seems to be settled, it is that in no event will a court of equity lend its aid by injunction to a dissatisfied taxpayer, unless he pays or tenders the amount of tax justly and equitably due. We know of no case where this doctrine is better stated than in *The State R. R. Tax Cases,* 92 U. S. 616. We might furnish authorities on this point *ad infinitum,* but will content ourselves by citing the following : 52 Miss. 137 ; 60 Ib. 903 ; 1 Pom. Eq., § 393 ; 16 Mich. 176 ; 103 U. S. 732 ; 8 Wait's A. & D., p. 322, and cases there cited.

Complainants should have paid at least the amount of tax as returned by the assessor, before relief could in any event be granted to them.

The allegation that a fraud was committed on the complainants by the action of the authorities in raising the valuation of the property, is without merit ; but if there was a fraud in this, complainants should have paid according to the original valuation by the assessor.

2. There is a misjoinder of parties. *Coulson* v. *Harris,* 43 Miss. 728 ; 18 Wis. 594.

CAMPBELL, J., delivered the opinion of the court.

According to the averments of the bill no valid charge was ever fixed upon the lands of the complainants because of the illegal and unwarranted method pursued by the municipal authorities in attempting to fix such charge, and as there was no legal charge upon the lands it was not incumbent on the complainants to pay, or offer to pay, anything as a condition of relief.

*Reversed and demurrer overruled with leave to answer in thirty days after mandate herein filed in the court below.*

WOODS, C. J., having been of counsel, in the court below, while at the bar, takes no part in this decision.