## J. A. Browning v. P. E. Mathews, Sheriff, etc.

1. Stock Law District. *Local law. Board of supervisors. Jurisdiction. Erection of fence. Levy of tax. Code construed. Acts 1878, p. 305. Code 1892, §§ 2055, 2056, 2057, 2058, 2059.*

   Under §§ 2055, 2056, 2057, 2058, 2059, ch. 47, code 1892, providing for the establishment of stock law districts, a board of supervisors is without authority to levy a tax for the construction of a fence around lands included in an existing stock law district created under the act of March 5, 1878, prior to the adoption of said code, for the act of 1878, also providing for the establishment of such districts and committing the same to the jurisdiction of commissioners, to be appointed under said act, was a local one, having application only to lands in the counties therein named, and § 2064 of said code provides that local laws authorizing the cultivation of crops without fences, or within certain kinds of fences, shall remain in force until altered, amended or repealed on petition or vote under the provisions of said chapter.

2. Same. *Code 1892, §§ 2060, 2062. construed.*

   Sections 2060 and 2062, code 1892, authorizing boards of supervisors to build fences, and impose taxes on specific lands to meet the expenses thereof, have no reference to fences wholly within existing stock law districts established under the act of March 5, 1878, and confer no jurisdiction upon said boards in respect thereto.

3. Same. *Lands subject to tax under § 2062, code 1892.*

   Under § 2062, code 1892, authorizing boards of supervisors for the building and repair of fences, to levy and collect taxes on specific lands whose owners, by reason of the advantages accruing to them, are deemed the proper persons to bear the burden, does not authorize the levy of a tax on lands inside of any stock law district, since the same section provides that, in laying the charge, no advantage shall be considered except that of depasturing cattle, which can be enjoyed only upon lands outside of the district where cattle are not confined.

FROM the chancery court of Lafayette county.

HON. B. T. KIMBROUGH, Chancellor.

In 1887 a stock law district was established in Lafayette county, by order of the board of supervisors, under authority of the act of March 5, 1878 (Acts, p. 305), which included the lands of the appellant. In 1893, while the said district was still governed by the act of 1878, the board of supervisors, claiming authority so to do under §§ 2060, 2062, code of 1892, made an order for the erection of a fence around the area covered by said district, and, to pay for the same, levied a tax on certain designated lands therein, among which were those of the appellant. On his bill showing this state of case, the appellant enjoined the tax collector from selling his land to pay the tax, and from a decree dissolving the injunction this appeal is prosecuted.

*John W. T. Falkner,* for the appellant.

1. The act of 1878 was a local act. Acts, p. 305; *Jones* v. *Melchior,* 71 Miss., 115. Being a local act of the character mentioned in § 2064, code of 1892, it remains in full force by the express terms of that section. The same code also contains a general provision (§ 8) that local laws not revised or brought forward therein should not be affected by its adoption, unless it be expressly so provided therein. There can be no question, upon authority, that § 2064 should be construed as negativing all idea that a repeal of the act of 1878 was contemplated. *Smith* v. *People,* 47 N. Y., 330; *Rex* v. *Rodgers,* 10 East, 573; *Warren* v. *Windle,* 3 East, 205; 23 Am. & Eng. Enc. L., 426, 487; *Salling* v. *McKinney,* 19 Am. Dec., 722; *Orndoff* v. *Turman,* 21 Am. Dec., 608.

2. It was no advantage to the appellant to have the fence built. The only benefit that could be considered in laying the charge for its erection was that of depasturing stock, and, being inside of the district, he would not enjoy that. Code of 1892, § 2062. The tax was, therefore, improperly imposed

upon appellant's land, even should the code provisions be held applicable.

*W. V. Sullivan,* for the appellee.

The jurisdiction of the board of supervisors in cases of this kind is special and exclusive, and the matter of the erection of the fence and levy of a tax to pay for the same having been heard and judicially determined, and no appeal taken from the decision of that tribunal, it is conclusive against the appellant. Code of 1892, §§ 79, 80, 2055, 2060, 2062.

The complainant in this case, with full knowledge of each step that the board of supervisors was taking and the expense of erecting the fence to protect his property, will not, at this late day, after the fence is built and expense incurred, be heard to object. He is estopped.

*W. A. McDonald,* on the same side.

1. The jurisdiction conferred on the board of supervisors was full and complete, and they could order the erection of the fence and levy the tax. §§ 2042, 2055, 2060, 2062.

2. The appellant was a resident of the district at the time the order was made, and, if he objected to the same, should have then made defense and appealed from the decision of the board, if dissatisfied therewith. Having failed to make any such defense, he is now estopped. *Nevitt* v. *Gillespie,* 1 How. (Miss.), 113; *Shipp* v. *Wheeless,* 33 Miss., 646; *Anderson* v. *Ingersoll,* 62 *Ib.,* 73.

3. The question of what lands would derive the advantages incident to the construction of the fence was one that the board passed upon in laying the tax upon the lands designated by it, and the liability of appellant's lands having been judicially ascertained in this way, and no appeal having been taken from the decision, the same is final.

5. The statutory authority to restrain the collection of taxes levied or attempted to be collected without authority of law (code of 1892, § 483) affords no support to this proceeding,

for the board was fully authorized to levy the tax in question. Code of 1892; § 2060.

COOPER, C. J., delivered the opinion of the court.

The act approved March 5, 1878 (Acts, p. 305), contains in itself a complete scheme, under which any parts, or the whole, of the counties of Monroe, Clay, Chickasaw, Oktibbeha, Lowndes, Panola, Lafayette, DeSoto and Copiah might be put into districts in which stock should not be permitted to run at large. It further provided for the appointment of commissioners, who were authorized to assess all real estate situated within such districts, and to collect a tax thereon, and to expend the same in the construction and repairing of a suitable fence separating such districts from other portions of the county. The boards of supervisors of the counties have no duty to perform in relation to such fences, and no jurisdiction over them. *Freeman* v. *Supervisors of Lee County*, 66 Miss., 1.

It affirmatively appears that townships 9 and 10 of range 4, in Lafayette county, by the petition of the inhabitants thereof, were, in May, 1879, put under the operation of the act of 1878, and have so remained to this time.

Chapter 46 of the code of 1892 contains provisions by which (on petition of freeholders and leaseholders for a term of three years or more, or on an affirmative vote, if the board of supervisors shall see fit to order an election) any county in the state or one or more townships thereof, or any part or parts of a county which are separated by natural boundaries, may elect to come under the operation of said chapter, in which event lands in such district may be cultivated without fences, and owners of live stock are required to keep the same confined within safe inclosures. But, by § 2064, it is declared that "local laws authorizing the cultivation of crops without fences, or within certain kinds of fences, shall remain in force until altered, amended or repealed on petition or vote under the provisions of this chapter."

Sections 2060 and 2062, authorizing boards of supervisors to build fences and impose taxes on specific lands to meet the expenses thereof, have no reference to the fences provided for by the act of 1878. Such fences are to be constructed under the direction of the commissioners to be appointed as pointed out in that act.

If it be said that the fence ordered by the board of supervisors to be built is not the same fence required by the act of 1878, but is a fence authorized by § 2060, and that such fence may be constructed by the board whenever and wherever it is necessary "to confine stock to certain limits, and to keep them off the cultivated lands," the reply is twofold:

1. The fence contracted for is wholly within townships 9 and 10, which are controlled not by the code chapter, but by the act of 1878.

2. When the taxes to be levied are laid "only on specific lands whose owners, by reason of the advantages accruing to them, are deemed the proper persons to bear the burden," such taxes are to be laid on lands outside, and not inside, of the district under the stock law, for it is expressly provided that, in laying said charge, "no advantage shall be considered except that of depasturing stock."

In the districts in which crops may be cultivated without fences, stock must be confined by its owners, who therefore can have no "advantage of depasturing stock." Outside these districts, stock is permitted to run at large, and, for this advantage, the legislature has authorized boards of supervisors to levy a tax upon the lands located where stock are so permitted to be depastured, according as such owners may or may not be "deemed proper persons to bear the burden."

The order of the board of supervisors levying the tax the collection of which the appellant enjoined, having been made in a matter over which it had no jurisdiction, was a nullity. The tax was "without authority of law" (code, § 483), and the injunction should have been made perpetual.

*The decree is reversed, and decree final may be entered here.*