REED, TAX COLLECTOR, *v.* NORMAN-BREAUX LUMBER CO.*

(Division B.   Feb. 6, 1928.   Suggestion of Error Overruled March 19, 1928.)

[115 So. 724.   No. 26732.]

1. APPEAL AND ERROR.  *Questions settled on former appeal will be adhered to on second appeal.*

    The question settled on a former appeal will be adhered to on the second appeal.

2. TAXATION.  *Where county assessor assesses property escaping taxation in former years, and board approves assessment, and there is no appeal, injunction does not lie against collecting tax (Hemingway's Code, section 6911).*

    Under section 4277, Code 1906 (section 6911, Hemingway's Code 1917), the county assessor has authority to back assess property which has escaped taxation in former years; and, where he complies with the provisions of said section, and the board approves his assessment so made, and there is no appeal from the order of the board approving same, injunction will not lie against the collection of such tax.

3. TAXATION. *Appeal to circuit court from assessment of property for back taxes is exclusive remedy, where assessment is valid on face (Hemingway's Code 1927, section 61).*

Under section 61, Hemingway's 1927 Code (section 81, Code 1906), an appeal lies to the circuit court from the assessment of taxes; and such court has jurisdiction to try a cause *de novo* with full power to adjudge and determine all questions affecting the validity of such assessment. Such appeal is the exclusive remedy where the assessment is valid upon its face.

4. TAXATION. *Legislature has power to authorize county tax assessor to back assess property escaping taxation in former years; statute authorizing county tax assessor to back assess property escaping taxation in former years held valid (Constitution 1890, sections 103, 135; Hemingway's Code, section 6911).*

Under section 135 of the Constitution of 1890, the county assessor is constituted a tax assessor for his county, and, under section 103 of the Constitution, the Legislature is clothed with power to authorize him to back assess property which has escaped taxation for former years; consequently section 4277, Code 1906 (Hemingway's Code, section 6911), is constitutional.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 1093, n. 77; Taxation, 37Cyc, p. 988, n. 91; p. 1114, n. 82; p. 1269, n. 42; On power of legislature to authorize reassessment of property omitted from tax list in former year, see 26 R. C. L. 351.

APPEAL from chancery court of Adams county.
HON. R. W. CUTRER, Chancellor.

Suit by the Norman-Breaux Lumber Company against W. H. Reed, tax collector for Adams county, for an injunction. From a judgment for plaintiff, defendant appeals. Reversed, and bill dismissed, and cause remanded.

*L. T. Kennedy,* for appellant.

There are a great many points raised in the bill and upon which evidence has been introduced that are absolutely immaterial. There are but two propositions really involved in this very lengthy bill and large record and they are as follows:

1. The assessment; 2. The levy. The creation of the district cannot be attacked in this, a collateral proceeding, and, in addition thereto, the creation of the district was validated by chapter 225, Laws of 1924. The validity of the bond issue, for all of the reasons now set up, has already been passed upon by this court in a former hearing of this cause.

The assessment upon which the tax collector relies in this case and for the collection of this tax was not left on the old assessment roll made by the assessor but the tax collector and the tax assessor each under authority of law laid a back assessment against this property, describing it in a manner that would be good in a deed of conveyance, certified it to the board of supervisors, and gave notice to the Lumber Company; it appeared and protested the assessment and on approval thereof by the board of supervisors, the Lumber Company did not appeal to the circuit court. We therefore have a valid assessment and a valid levy as shown by the record and the motion to dissolve the injunction should have been sustained.

Counsel's main contention as to the assessment and the levy is now based upon his amendment to the original bill made on the day the motion to dissolve was tried, to the effect that the board of supervisors could not make a valid levy in each of the years 1924 and 1925 because it did not have a valid assessment and therefore the immediate question is not really the validity of the assessment—because it seems to be conceded that the back assessment cured all errors in the assessment—but that there is no valid levy to operate on that assessment. Counsel seems to have gotten his idea for the amendment from the opinion. In the former hearing of this cause and in which this court quoted from *Mullins* v. *Shaw,* 28 So. 958, as follows:

"It is necessary not only to have a proper levy of taxes but it is essential to have a legal assessment of the lands

upon which the levy is to operate. The assessment roll is the warrant of the tax collector for collecting the taxes. If that is void, his action in the sale of the land under it is void.'' It appears that it will be contended by appellee that this is an authority for the contention that any levy of taxation without a proper assessment is void. The language immediately preceding the citation holds directly that a levy of taxation without any assessment is a valid levy. We quote as follows: ''There was in that case nothing imperfect in the levy of the state and county taxes as there is nothing imperfect in this case in the levy of the taxes. In fact, the taxes, state, county and levee, in the present case, are legal. The defect consists in having no legal assessment of lands upon the levies may operate.''

If the appellee's contention were correct an entire assessment roll, invalid, could not be certified as an additional assessment and amount to anything because the board of supervisors would again have to make a levy of taxation.

We respectfully submit that this cause should be reversed and remanded, not only because of the defects in the bill, but because the preliminary injunction was granted without notice, was granted without the proper conditions in a bond, or the proper penalty in the bond, and at a time when there was a valid assessment of said property accurately describing it, approved by the board of supervisors and from which no appeal had been taken, and at a time when there was a valid levy and the taxes were due and unpaid.

*Luther A. Whittington,* for appellee.

On the original bill of complainant which was before this court before, it was held that the assessment and levy of taxes made for the year 1924 was void. We insist, therefore, that it has been definitely held under the

same facts as disclosed by the former record, that there was never for the years 1924 and 1925 any assessment roll of the Homochitto Swamp Land Drainage District. Under the express provisions of section 377, Code of 1906, a separate additional assessment was required to be made of all the overflowed lands in each swamp land district, and all laws as to land assessments and all laws applicable to the sale of lands for delinquent taxes shall apply to such Drainage District assessment and taxes and the sale of such lands for delinquent taxes, so far as same are not inconsistent with these provisions.

The time for making the general land roll was in 1923 and 1925 and the evidence in this case shows that no such assessment as required by law was made for these years, presented to the board by the assessor, or approved, and further shows that the tax collector himself did not receive any such roll and had no such in his office for the years 1924 and 1925.

It is now urged, however, that both the tax collector and the assessor since the rendering of said decision, made a back assessment of the lands of appellee, and that same was reported to and approved by the board of supervisors; that notice was given to appellee and that no appeal was taken from the order of the board by appellee approving said assessment. Our contention is that in the absence of a primary assessment roll made as required of law of said Homochitto Swamp Land District, that the assessor and tax collector were both without authority to back assess any lands and that the order of the board therefore was void and the assessment was void.

The assessor himself says that he did not file it with the board; that he did not certify to it, and that the board did not approve it, in the absence of a primary assessment, that is to say, an assessment roll made as required by law, ratified and approved by the board, and certified to by the assessor and submitted to the board for their approval, that neither the assessor nor the tax collector

were authorized, under the law, to back assess any property of appellee as being in said Hômochitto Swamp Land District. *Johnston* v. *Puffer,* 111 Miss. 240. Applying this principle there can be no assessment of property until it is listed according to law, and there can be no valid assessment even then until same is ratified and approved by the board of supervisors. Touching the authority of the assessor to make a back assessment, we find only two statutes conferring such—Sections 6911 and 6947, Hemingway's Code. Under the first statute it is provided that when the assessor shall discover any property that may have escaped taxation in former years,—''He shall assess such persons and property for such former years distinctly specifying the fact of such escape and discovery by him on a page or pages of his assessment roll, separate from the assessment for the current year.'' Section 6947 provides: ''That the assessor may add any person or thing to his roll, after returning his roll, at any time before action on it by the board.'' It is plainly manifest therefore that the assessor could not act under the authority conferred by either of these sections, unless he had an assessment roll; and in this case, the assessor himself says that there was none.

Touching the authority of the tax collector to ''back assess'' section 6954, Hemingway's Code, provides:— ''The tax collector shall assess and collect taxes on land liable to taxation left unassessed by the assessor, and all land that has become liable to taxation since the last assessment; and, he shall also assess such other persons and personal property as he may find unassessed by the assessor.'' This section plainly presupposes the existence in the hands of the sheriff and tax collector of an assessment roll made by the assessor and approved by the board, as required by law. He had no such roll in his office; he had a ''sheet of paper,'' one for the year 1925, and one for the year 1924, purporting to contain a

list of the lands in the drainage district, not sworn to, not certified to, and not approved by board of supervisors and never submitted to the board of supervisors, but handed directly to him by the assessor; the lands of appellee appear on these sheets of paper just the same as all other lands therein, altho there might be said to be a void description thereof.

Can it be said that this section conferred authority upon the tax collector to back assess property or to assess property when there was no roll whatsoever in his office? We say not. Section 6954 therefore clearly is applicable only to a case where an assessment roll is on file with the sheriff, which assessment roll shows unassessed property which should be thereon. Authority to act under this section arises only when it is made to appear from a roll in the hands of the sheriff that certain property has been left unassessed by the assessor; within the limitation, measured solely by whether he has a roll and whether on that roll property has been left unassessed is the tax collector authorized to act. And when he does act, he must list the property, on the roll fixed by law as the particular assessment roll upon which the assessment must be placed.

To hold that the tax collector has authority, as in the present case he asserts, to assess property additionally, when there was no roll in his hands on which and in which to assess property, would be tantamount to authorizing the tax collector to make an entire assessment roll, a power not conferred by such statute and not intended to be so conferred. *Adams* v. *Luce* (Miss.), 39 So. 418. That case involved the authority of the revenue agent to back assess property, just as here is involved the authority of the sheriff or tax collector; his authority extended to the back assessing of property that had "escaped taxation." The court held that where an assessment of property had been made, even tho it was void, that it was not subject to back assessment by the revenue agent, be-

cause it was not property that had "escaped taxation." In that case the court construing his statute says: "The original thought in the statute authorizing the revenue agent to back assess property which has escaped taxation was to furnish machinery, not initiating the assessment primarily, but to supply the defects in an assessment already made."

"Unquestionably the Constitution contemplates and requires an assessment of property as a condition of its taxation. Assessment is the listing and valuation of property liable to taxation according to law." *State Revenue Agent* v. *Tonella,* 70 Miss. 701.

Under the holding of the Supreme Court therefore in the above case, a condition precedent, a jurisdictional requirement, is that before property is taxed, before a levy is made, there must be an assessment according to law, or such taxation, such levy will be void. The failure of appellee to appeal from the back assessment approved by the board cannot avail to sustain the assessment if same be void.

Argued orally by *L. T. Kennedy,* for appellant, and *L. A. Whittington,* for appellee.

ETHRIDGE, P. J. This is the second appearance of this cause in this court. The first opinion is reported in 142 Miss. 756, 17 So. 545, wherein the facts, as they bear on questions not discussed herein, will be found with the court's conclusion thereon.

We regard all questions other than the back assessment of the property for taxation concluded by that decision, and by the principles announced in *Swayne* v. *Hattiesburg* (Miss.), 111 So. 818; *Stingily* v. *City of Jackson,* 140 Miss. 19, 104 So. 465; *Wolford* v. *Williams,* 110 Miss. 637, 70 So. 823; *Wheeler & Silber* v. *Bogue Phalia Drainage Dist.,* 106 Miss. 619, 64 So. 375; *Wilkinson* v. *Gaines,* 96 Miss. 688, 51 So. 718. In the former opinion, the court held that the assessment there made was void,

because of the failure to comply with the requirements in making the assessment, and remanded the cause.

The court also held that the validating act of the Legislature referred to in said opinion (chapter 225, Laws of 1924), validated the bonds issued under the swamp land district created by the board of supervisors, which were there under attack. This necessarily validated all the proceedings leading up to the bond issue, and in this appeal we shall only deal with the reassessment of the property made by the assessor and board of supervisors.

When the cause was remanded, the county assessor, under section 4277, Code of 1906 (section 6911, Hemingway's Code 1917), assessed the property for former years involved, and reported the same to the board of supervisors, giving notice, as required by section 4278, Code of 1906 (section 6912 of Hemingway's Code 1917). At this hearing, the appellee appeared and contested the back assessment, but the board of supervisors entered an order upon the minutes, reciting all jurisdictional facts, and adjudged the property to be properly assessed. There was no appeal from the order of the board of supervisors approving such assessment. The county tax collector, likewise proceeding under section 4320, Code of 1906, made an assessment of the said property, which was approved by the board of supervisors, and no appeal was taken from that assessment. By section 61, Hemingway's 1927 Code, amending section 81, Code of 1906, appeal from assessment of taxes is provided for, the appeal being to the circuit court of the county, and the court having jurisdiction to try a question *de novo* on such appeals and full power to adjudge and determine all questions affecting the validity of such assessment. It was held by this court, in *Western Union Tel. Co.* v. *Kennedy,* 110 Miss. 73, 69 So. 674, that the chancery court did not have the power to enjoin an assessment under section 533, Code of 1906 (section 304, Hemingway's 1927 Code), where the assessing board had juris-

diction of the subject-matter and person, and no appeal was taken from the assessment by the assessing board. In the opinion in that case, the court said:

"We do not think it is necessary to discuss the question of ownership of the property upon which the assessment was levied, for the reason that this question of fact was threshed out before, and determined by, the Railroad Commission, if the allegations of the bill of complaint are to be taken as true. Looking to the case made by the bill, it appears that the Railroad Commission had under consideration the assessment of the pole line and to whom it should be assessed. . . . The chancery court was without power to grant the injunction, unless it appeared that the tax collector was attempting to collect the taxes levied 'without authority of law.' There can be no question that the Railroad Commission possessed the authority to assess the property and to determine the ownership thereof, and it is settled law of this state that the chancery court has no jurisdiction to enjoin the assessment, unless the case made by the bill of complaint brings it within the terms of section 533, Code 1906. The bill of complaint merely states that the Railroad Commission was wrong in deciding that the pole line was the property of appellant, and we are of opinion that this decision cannot be reviewed by a bill in equity. . . . *Railroad Co.* v. *Adams,* 85 Miss. 772, 38 So. 348."

It was held in the case then before the court that appeal by *certiorari* was an exclusive remedy of the property owner.

It will be seen from the sections referred to above that the assessor and board of supervisors had the power to back assess for taxes, property which escaped taxation. The assessment made by the board of supervisors was regular in all respects and in conformity to those sections.

It is urged by the appellee that this case is controlled by *Adams, State Revenue Agent,* v. *Luce,* 87 Miss. 220,

39 So. 418. That case dealt with the power of the state revenue agent under the Act of 1894, chapter 34, to back assess property. The state revenue agent was a statutory officer with statutory jurisdiction, and the court did not hold that property could not be back assessed which had escaped taxation because listed on a void roll, but merely held that the revenue agent had no authority to make such assessment where the property had in fact been listed and brought to the attention of the taxing authorities. In the case before us, the assessor is a constitutional officer; such office being created by section 135 of the Constitution; and under section 103 of the Constitution, the Legislature is authorized to define the duties of all officers, and especially with reference to those named under section 135. Section 112 of the Constitution provides that taxation shall be equal and uniform throughout the state; that property shall be assessed for taxes under general laws and by uniform rules according to its value. The purpose of this section is to impose the burden of taxation upon all persons and property subject to taxation in an equal degree by uniform methods, except as otherwise provided in the Constitution. Section 181 of the Constitution provides that property of private corporations for pecuniary gain shall be taxed in the same way and to the same extent as the property of individuals. These sections are designed to bring a uniform and equitable system of taxation in listing and assessing property for taxation, and it is clearly not the intent of the Constitution to enable a person to escape taxation permanently, because of escape therefrom in former years. Section 100 of the Constitution bears out the idea that the rights of the state and its subdivisions to assert their claims at any time are not to be released, abridged, or surrendered. There is nothing in the Constitution that forbids the Legislature to back assess property which has escaped taxation, and in this case it has done so through the officer charged by the Constitution with assessing property.

It follows from what we have said that the chancellor should have dismissed the bill and assessed the damages, if any, resulting from the improper suing out of the writ of injunction, and rendered judgment in accordance with section 535, Code 1906 (section 306, Hemingway's 1927 Code). The judgment will therefore be reversed, the bill dismissed, and the cause remanded for assessment of damages in accordance with the above section.

*Reversed and remanded.*