STONE, CHAIRMAN OF STATE TAX COMMISSION, v. KERR.

(Division B. Dec. 7, 1942. Suggestion of Error Overruled Jan. 18, 1943.)

[10 So. (2d) 845. No. 35100.]

648

Greek L. Rice, Attorney General, by W. D. Conn, Jr., Assistant Attorney General, for appellant.

**W. E. Gore**, of Jackson, and **Richardson & Sandford**, of Philadelphia, for appellee.

Argued orally by **W. D. Conn, Jr.**, for appellant, and by **W. E. Gore**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellee filed his bill for injunction against the Chairman of the State Tax Commission alleging that the latter was proceeding to enforce collection of the sum of $387 with interest and damages pursuant to Section 2-f of Chapter 119 of the Laws of 1934, as amended, which exacts a privilege tax equal to two percent of the gross income of his business. Appellee contends that he is liable at most for a tax equal to only one percent of the gross income of his business pursuant to the provisions of Section 2-e of the Act of 1934 and certain provisions of Section 57 of Chapter 154, Laws of 1936, as amended. No elaboration of the details of these provisions need be undertaken since it suffices for our present purposes to

consider only that the disagreement between the parties involves the tax status of appellee as a fact issue.

Appellant's demurrer to the bill was overruled and defendant declining to plead further, the temporary injunction therefore granted was made permanent.

The taxpayer seeks to justify his right to injunction by Code 1930, Section 420, which is as follows: "The chancery court shall have jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law." To this, the Tax Commissioner interposes Section 10 of Chapter 119, Laws 1934, as amended of Section 8, Chapter 113, Laws 1938, which, after setting forth the procedural machinery for the hearing by the Tax Commission of petitions to correct assessments, provides that "No injunction shall be awarded by any court or judge to restrain the collection of the taxes imposed by this act, or to restrain the enforcement of this act. The provisions of section 420, Code of 1930, shall not apply to taxes imposed by this act." The answer of the taxpayer is that the quoted paragraph is ineffective to nullify the jurisdiction granted by Section 420 for the reason that at the time the Constitution of 1890 was adopted there was in force Section 1831 of the Revised Code of 1880 which was the forerunner of Section 420, Code 1930, and that the jurisdiction thereby conferred had become immune to statutory impairment by Section 159 of the Constitution. This section is as follows: "The chancery court shall have full jurisdiction in the following matters and cases, viz.: . . . (f). All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation."

It is not necessary for us to examine to what extent Section 420 is merely declaratory of an existing constitutional right nor whether the quoted prohibition against the use of injunction in the 1934 Act is effective. The uncertainty as to the jurisdiction of equity to enjoin the

collection of taxes was early set at rest by Coulson v. Harris, 43 Miss. 728, where it was held that in such cases the bill must show not only that the tax collector was proceeding to sell distrained property unlawfully but there was also threatened an irreparable injury. The court stated: "And to give equity jurisdiction in tax cases, it must be averred in the bill, and shown by the facts set out therein, that a sale would be an irreparable injury to the complainant taxpayer. Courts of equity ought not, except upon the clearest grounds, to interfere with the speedy collection of public taxes. That a writ of injunction can only be issued, where the complainant, in his bill, makes a case of equity jurisdiction; and in all cases, involving simply the question of taxation; the issue is strictly one of common law, and courts of equity can take no cognizance thereof; that a party aggrieved by an illegal taxation, has ample remedy at law, and need not, in any case, have recourse to a court of equity, unless the facts bring the case within some appropriate recognized head of equity jurisdiction, such as to prevent irreparable injury, to protect a party in the enjoyment of an exclusive franchise or privilege, or to prevent a continuing trespass or injury, or other wrong, for which there would be no adequate remedy at law." This view was reaffirmed in McDonald v. Murphree, 45 Miss. 705. The court's concession that "Writs of injunction may be issued in cases of equity jurisdiction, and when specially authorized by statute," undoubtedly led to the enactment of Section 1831 of the Revised Code of 1880, Section 420, Code 1930, whereby statutory jurisdiction was conferred in cases where the taxes were levied or attempted to be collected "without authority of law." Even though we concede, for the purpose of discussion solely, that this section dispenses with the necessity for showing an independent equity, it certainly does not do so when the taxes have been levied and are sought to be collected with authority of law. We are led therefore to consider whether the taxes here involved were so imposed.

The record discloses that the commission proposed the additional assessment against the taxpayer, whereupon the latter filed his petition "for a hearing and a correction . . . of the tax so assessed" pursuant to the provisions of Section 10 of Chapter 119, Laws of 1934. The matter was duly and maturely heard by the commission upon the issue of the status of the petitioner, which issue was resolved against him. Thereupon, the further provisions of this section became applicable to the case, as follows: "Any person improperly charged with any tax and required to pay the same, may recover the amount paid, together with interest, in any proper action or suit against the commissioner, and the circuit court of the county in which the taxpayer resides or is located shall have original jurisdiction of any action to recover any tax improperly collected. It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded in order to maintain such suit. In any suit to recover taxes paid or to collect taxes the court shall adjudge costs to such extent and in such manner as may be deemed equitable. Either party to such suit shall have the right to appeal to the Supreme Court of Mississippi as now provided by law. In the event a final judgment is rendered in favor of the taxpayer in a suit to recover illegal taxes, then it shall be the duty of the state auditor, upon receipt of a certified copy of such final judgment, to issue a warrant directed to the state treasurer in favor of such taxpayer to pay such judgment, interest and costs. It shall be the duty of the state treasurer to honor such warrant and pay such judgment out of any funds in the state treasury." This procedure for relief was not availed of by the petitioner who took no course other than to enjoin the Chairman of the Tax Commission and the sheriff of the county who was proceeding to collect the additional tax by actual levy, under the warrant of the Tax Commissioner. The commission was acting with full authority in the matter. It was peculiarly within its jurisdiction and the procedure

followed was that prescribed by the statute. No question is raised as to the adequacy of the hearing upon the taxpayer's petition. It is true that if the commission were acting in a matter beyond its jurisdiction (Browning v. Matthews, 73 Miss. 343, 18 So. 658; Hinton v. Board of Sup'rs of Perry County, 84 Miss. 536, 36 So. 565), or in an unauthorized manner (Morgan v. Wood, 140 Miss. 137, 106 So. 435), or if the proceedings for the imposition and assessment of the tax were void (City of Meridian v. Ragsdale, 67 Miss. 86, 6 So. 619; Ball v. City of Meridian, 67 Miss. 91, 6 So. 645), it would have acted "without authority of law." But where the hearing is for "a correction of the amount of the tax so assessed" and by a "person improperly charged" with the tax who is "required to pay the same," it involves at most a mere "irregularity" under Board of Supervisors v. Ames (Miss.), 3 So. 37. See also Coulson v. Harris, supra. In Western Union Telegraph Co. v. Kennedy, 110 Miss. 73, 69 So. 674, 675, there was involved the error in assessing by the Railroad Commission of a telegraph pole line to petitioner who was not in fact the owner thereof. This court said, "The bill of complaint merely states that the Railroad Commission was wrong in deciding that the pole line was the property of appellant and we are of the opinion that this decision cannot be reviewed by a bill in equity." See also Purvis v. Robinson, 110 Miss. 64, 69 So. 673; Reed v. Norman-Breaux Lumber Co., 149 Miss. 395, 115 So. 724; Anderson v. Ingersoll, 62 Miss. 73. We have already held that Section 420 affords the only authority for equity jurisdiction in cases of this class. Purvis v. Robinson, supra. The language of the statute "without authority of law" imports more than mere irregularity or errors of computation. The correction of improper charges involves matters remediable by appeal or original suit and presupposes jurisdiction. To hold otherwise would make jurisdiction dependent upon certitude of decision upon the merits. It is no anomaly that errors of

fact or judgment may be committed while acting under authority of law.

We are moved forward therefore to the inquiry whether the taxpayer was entitled to injunction on the general equity ground that he had no adequate remedy at law. The other allegations of complainant's bill invoking other independent equities become mere conclusions of law in view of the record here presented. Where the damage is fixed by the amount of the tax demanded, and recovery if proper is allowed in such amount with interest and costs, such damage is not irreparable. Whitfield v. Rogers, 26 Miss. 84, 59 Am. Dec. 244; Pitts v. Carothers, 152 Miss. 694, 120 So. 830; Moss v. Jourdan, 129 Miss. 598, 92 So. 689; Joyce on Injunctions, Section 36; 28 Am. Jur., Injunctions, Sections 47, 48. The statute, Section 10, Chapter 119, Laws 1934, provides that the circuit court of the county in which the taxpayer resides shall have original jurisdiction of any action to recover any tax improperly collected, in which action he may recover the amount paid with interest and costs. Such provision does not contemplate mere appeal on the record as by certiorari but inescapably implies an original action in which the entire merits of the case may be heard and the liability of the taxpayer adjudged and computed in the light of his determined status. The remedy at law is therefore clear, adequate and complete. Cf. Henry v. Donovan, 148 Miss. 278, 114 So. 482; 28 Am. Jur., Injunctions, Section 40. The demurrer to the bill ought to have been sustained.

Reversed and bill dismissed.