.WESTERN UNION TEL. CO. *v.* KENNEDY, SHERIFF ET AL.

[69 South. 674.]

TAXATION.   *Enjoining collection.   Grounds.*

Under Code 1906, section 533, providing that the chancery court shall have jurisdiction of suits by taxpayers to restrain the collection of any taxes levied without authority of law, where a railroad commission, after investigating the question of ownership of a telegraph line along a railroad right of way, assessed it against the telegraph company and that company took no appeal to the circuit court by *certiorari*, the chancery court had no jurisdiction to enjoin the collection of the tax so assessed, even though the telegraph company did not in fact own such line, since the judgment of the railroad commission was valid on its face and whether justified or not, the exclusive remedy was by *certiorari* to the circuit court.

APPEAL from the chancery court of Lauderdale county. HON. SAM WHITMAN, JR., Chancellor.

Bill by the Western Union Telegraph Company, against J. H. Kennedy, Sheriff, and tax collector and others.   From a decree for defendants, complainant appeals.

The facts are fully stated in the opinion of the court.

*J. B. Harris,* for appellant.

In response to the permission of the court to file a brief in reply to the point relied upon by counsel for the appellee, that a writ of *certiorari* issued by the circuit

court is the exclusive remedy for testing the validity of
an assessment by the Railroad Commission, my reply
is briefly as follows:

Because I thought the remedy pursued in this case was
so plainly the proper one that it was not necessary to
answer this point raised by the Attorney-General.

This proceeding is one authorized by section 533 of the
Code, which is as follows:

"The chancery court shall have jurisdiction of suits
by one or more tax payers in any county, city, town, or
village, to restrain the collection of any taxes levied or
attempted to be collected without authority of law."

This proceeding, the court will note, is against the
various tax collectors to enjoin them from the collection
of the tax upon the ground that the tax is illegal for the
reason that the Western Union Telegraph Company is
not the owner of the property.

There is a broad difference between a proceeding to
assess property and an attempt to collect taxes within
the meaning of this section. This court will not en-
join the assessment of taxes. See, *Railroad Co. v.
Adams*, 73 Miss. 648.

The court will note that in that case the attempt was
made to enjoin an assessment of property by the rail-
road Commission.

The case of the Mississippi Railroad Commission
against the Western Union Telegraph Company, report-
ed in 65 So. at page 505, was a proceeding by *certiorari*
because the contention there was that on the face of the
record the assessment made by the Railroad Commission
was void for want of authority, for want of power and of
jurisdiction. The principle point was that the Railroad
Commission had no authority to make an assessment for
back taxes except in those cases where the matter was
brought before it in a proceeding instituted by the State
Revenue Agent, the Commission having attempted to
make an assessment in proceeding inauguarated by the

Attorney-General. The speedy remedy for testing this question was by *centiorari,* and the case was taken to the circuit court by a writ of *certiorari.* The circuit court held that the Railroad Commission did not have the power; the Railroad Commission appealed to this court, and this court affirmed it, had the assessment rolls been in hand of tax collectors, an injunction could have been resorted to.

The case before the court now is a case to enjoin the collection of a tax after the assessment has been made upon the ground that the tax is illegal, that the Telegraph Company is not the owner of the property with which it is assessed and never has owned it. The assessment rolls were in the hands of the various tax collectors, and the writ of injunction was issued enjoining them from collecting the tax upon the showing made by the proof taken in the case that the Western Union Telegraph Company was not the owner of the property, and we think this proceeding is clearly authorized by section 533 of the Code, above referred to.

In no case, whether the proceeding be by the Railroad Commission or other taxing authority, can an assessment be enjoined. In this case no question is made or could be made as to the right of the Railroad Commission to assess property. The court must bear in mind that this is not an action for back taxes, but an attempt to collect current taxes, and the Railroad Commission proceeded to make an assessment. The rolls were in the hands of the tax collector. That being the case the proper remedy was by injunction.

In the case in 65 Southern, the power of the Railroad Commission to assess at all was involved, and in that case the proceeding was by *certiorari,* which was a proper remedy. We are not admitting that even in that case the remedy would be exclusive, because we take it that the Telegraph Company would still have had the remedy by injunction if the attempt was made to collect the

taxes. We are at a loss to know what section 533 of the Code meant if it does not mean that.

We think the matter is so clear that we will close by quoting from the case of *Railroad Co.* v. *Adams,* 73 Miss. *supra,* at page 663. Referring to the section of the Code above referred to, the court says: "But our statute opens the door, and permits a recourse to equity whenever the tax levied or sought to be collected is without authority of law."

The court must bear in mind that that was the case in which the proceeding was by the Railroad Commission, and there was a clear construction of the section, and is a clear announcement by this court that the remedy pursued in this case was the proper one.

The cases cited in the notes to the section in the Code of 1906 clearly illustrate the principle and the distinction.

*Geo. H. Ethridge,* Assistant Attorney-General, for appellee.

It has been held by the supreme court of this state that *certiorari* lies from the judgment of the Railroad Commission to the circuit court and that the judgment of the Commission may be reviewed in the circuit court on this writ. It has also been held by the court that the court there may not only pass on the legal questions presented but may review any finding or fact where the finding was induced by an erroneous conception of the law. *Gulf & Ship Island R. R. Co.* v. *Revenue Agent,* 85 Miss. 772, 38 So. 348.

It is my contention that this is an exclusive remedy for testing the validity of an assessment by the Railroad Commission. Under this proceeding, the circuit court, on reviewing the action of the Commission, has power to render the proper judgment if it be apparent on the record and if not to reverse and send back to the tribunal indicating the correct procedure and judgment that

should. be reached.  It ought to be followed for the reason that it affords protection to both parties, whereas an injunction, if it should find the action of the Commission wrongful, would merely enjoin the proceeding and would not indicate to the Commission the proper judgment that should be entered nor would it itself, in case of dissolution or modification of its original restraining order, enter the proper judgment.  The law· of injunction nowhere permits the chancery court to enjoin an irregular assessment but it can only enjoin where the assessment is void and the chancery court is not the court provided by the law-making body for the correction and supervision of inferior tribunals but that jurisdiction is confined solely to the circuit court.  The powers of the circuit court are broad and ample and the authority to confer jurisdiction on the circuit court is given by the Constitution itself.  The Telegraph Company having failed to avail itself of the remedy provided by section 91 within six months is now bound and concluded by the judgment of the Railroad Commission.

In the case of *Jones* v. *Adams*, 61 So. 420, it was held that a lease is subject to taxation, in that case involving a lease of turpentine or a contract giving the party a right to extract turpentine from standing trees was property subject to taxation, the court saying, at page 420, second column:

"The question before us is whether such turpentine lease is personal property, subject to taxation.  It is understood that the lease gives the right and privilege to enter upon land for a term and extract gum or crude products from the pine trees, which is afterwards manufactured into what is known as naval stores.  We refer to our opinion this day rendered in the case of *Harrison Naval Stores Co.* v. *Wirt Adams, State Revenue Agent,* 61 So. 417, in which we discuss such leases, and decide that, where a person is assessed for money invested or employed in the turpentine business, the leases

as set out in the assessment are evidence of the amounts so employed. It will be noted that in the case of *Hancock County* v. *Imperial Naval Stores Co.*, 93 Miss. 822, 47 So. 177; 17 L. R. A. (N. S.), 693, 136 Am. St. Rep. 561, WHITFIELD, C. J., in delivering the opinion of the court, wherein it is held that turpentine leases are not assessable as real estate, said: "Confining ourselves strictly to the precise point presented for adjudication by this record, which is, merely and simply, whether this instrument passes any interest in the land as land, and therefore assessable as land, we say that it does not." It will be seen that turpentine leases cannot be assessed on the land roll, and be taxed as such an interest in land as amounts to real property. Now, is it not property? It is subject to ownership, it has a value, and it may be bought and sold. It seems clear to us that it is property; that from its very nature it is personal property. The lease, or right or privilege, which is owned by appellant, being personal property, is subject to be taxed as such in Harrison county, and therefore should have been assessed on the personal roll of that county.

We believe that it was appellant's duty, under the requirements of section 4264 of the Code of 1906, in making out and delivering to the assessor a true list of all his taxable personal property, to have included this turpentine lease under the heading provided in the form of the list prescribed in section 4270, of the Code of 1906, "Amount of all other personal property not otherwise mentioned." There is no provision in the law to relieve turpentine leases from taxation by way of exemption. It is certainly the purpose of the state to require of all property its proper proportion of taxes in the plan to provide revenue for the expenses of the government. As the turpentine lease is property with a value, which has not been heretofore assessed to appellant, or any other person, it was not error in the circuit court to decide that it should be assessed to appellant for back taxes."

I think this authority completely answers the authorities cited in the appellant's brief. See also on the same subject, the following: *Harrison Naval Stores Co.* v. *Adams*, 61 So. 417; *Union Naval Stores Co.* v. *Adams*, 61 So. 419.

I deem it unnecessary to cite further authorities and submit that the judgment if the chancellor should be affirmed.

COOK, J., delivered the opinion of the court.

Appellant filed its bill of complaint in the chancery court of Lauderdale county, praying that the tax collector be enjoined from collecting certain taxes assessed to appellant on a certain telegraph pole line along the right of way of the New Orleans & Northeastern Railroad Company, between Meridian, in this state and the Louisiana boundary line. The bill alleges that the property in question belonged to the railroad company and not to the complainant; that complainant appeared before the Railroad Commission "and protested that it was not the owner of said poles," but was merely operating a line of wires on said poles under a lease contract with the owners thereof. The tax collector answered the bill, and much testimony was heard by the court upon the question of the ownership of the pole line.

We do not think it is necessary to discuss the question of ownership of the property upon which the assessment was levied, for the reason that this question of fact was threshed out before and determined by the Railroad Commission, if the allegations of the bill of complaint are to be taken as true. Looking to the case made by the bill, it appears that the Railroad Commission had under consideration the assessment of the pole line and to whom it should be assessed. The Commission assessed the property to appellant as owner thereof, and no direct appeal by *certiorari* was taken by appellant, but appellant invoked the aid of the chancery court.

The chancery court was without power to grant the injunction, unless it appeared that the tax collector was attempting to collect the taxes levied "without authority of law." There can be no question that the Railroad Commission possessed the authority to assess the property and to determine the ownership thereof, and it is settled law of this state that the chancery court has no jurisdiction to enjoin the assessment, unless the case made by the bill of complaint brings it within the terms of section 533, Code 1906. The bill of complaint merely states that the Railroad Commission was wrong in deciding that the pole line was the property of appellant, and we are of opinion that this decision cannot be reviewed by a bill in equity. The judgment of the Railroad Commission is valid on its face, and if it was entered without justification in fact the power to review the facts dehors the record cannot be assumed by the chancery court. The exclusive remedy is by *certiorari* to the circuit court. *Railroad Co.* v. *Adams,* 85 Miss. 772, 38 So. 348.

*Affirmed.*