ROBERT WILKINSON v. LEE H. GAINES ET AL.

[51 South. 718.]

1. DRAINAGE DISTRICTS. *Drains. Notice to nonresidents. Omission. Subsequent proceedings.*

Under Code 1906, § 1711, regulating drainage proceedings, failure of the clerk to give notice of the organization of a drainage district to nonresident landowners by registered mail within five days of the first publication of the notice required by Code 1906, § 1687, touching the formation of districts, does not invalidate subsequent proceedings.

2. SAME. *Constitutional law. Due process of law. Assessment. Notice.*

Where complainant had full notice of all proceedings subsequent to the publication of notice of the organization of the district, and was afforded full opportunity to question the validity thereof, and to object to the assessment, all the requirements of due process of law were met, even if the notice of publication was insufficient.

3. SAME. *Validity of proceedings. Objections. Code 1906, § 1693.*

An objection that a drainage district was invalid, because it embraced two watersheds, could not be made the basis of a bill to enjoin the drainage commissioners from issuing bonds to complete the improvement, under Code 1906, § 1693, providing an exclusive statutory method for raising such objections.

FROM the chancery court of, second district, Bolivar county. HON. MANUEL E. DENTON, Chancellor.

Wilkinson, appellant, was complainant in the court below; Gaines and others, appellees, were defendants there. From a

final decree in defendants' favor, complainant appealed to the supreme court.   The facts are stated in the opinion of the court.

*Charles Clark,* for appellant.

Chapter 39 of the code, on drainage, which is commonly called the Alcorn Drainage Law, provides that when one third of the landholders owning one half of the land, or one half of the landholders owning one third of the land in the proposed district, desire to have a drainage district created, they shall sign a petition setting out the proposed drainage district by metes and bounds or by the proper description, and after the petition has been signed by the number, as above, it shall be filed in the office of the clerk of the chancery court.   Section 1687 then points out what shall be done by the clerk before the court can have jurisdiction to act.   That is, the clerk shall first publish a notice to all parties interested which notice shall be published in a newspaper for three weeks, giving the date of the hearing and the description of the district proposed to be created.   He shall also post ten notices in ten of the most conspicuous places in the district.   In addition to this he must post a notice at the courthouse door for three weeks, and if one or more of the landholders or owners, are nonresidents of the district, and their postoffice addresses are known he must mail, under registered letter, a copy of the notice published by him. Each and every one of these things that are required of the clerk must be done and strictly complied with, before the court has jurisdiction to pass upon the subjects and matters required to be passed upon by it, under the provisions of the succeeding section.   It is admitted in the statement of facts that instead of sending out these notices within five days of the first publication, as required by section 1687, the notices were not sent out by the clerk until eight days after the first publication and yet it is contended here that the failure of the clerk to send out those notices as required by law, is immaterial. and that the

court had jurisdiction over the subject matter and over the person, without complying with the plain mandate of the law.

The failure of the court to acquire jurisdiction over the subject matter and person is plainly set out in 14 Cyc. 1034, which lays down the rule as follows: "Where the mandate of the statute is that the notice shall be given in a manner and for a time therein prescribed before the time fixed for the hearing of the petition the failure in any respect to give the notice thus required will render invalid, the hearing on the petition;" the authority cited under this text in note 57 will fully bear out the text laid down in Cyc. It was necessary under this doctrine, for the mandate of the statute to have been strictly complied with in order for the court to have had jurisdiction. Manifestly the clerk's failure in this instance to mail the notice within the time required by law, rendered all subsequent proceedings void. *Williams v. Supervisors,* 58 Cal. 237; *Scott v. Brackett,* 89 Cal. 413.

In the last case cited the statute construed is very similar to ours and had a section which provided that any irregularities or imperfections in the proceedings prior to the order of the court establishing the district and levying the assessment should not be availed of by any party, after the order confirming the assessment.

The drainage commissioners abused the power conferred upon them when they established one drainage district containing two separate and distinct water sheds and made the assessment of benefits practically the same. It is impossible to conceive how the drainage commissioners could possibly estimate the cost of draining two separate and distinct water sheds to be exactly the same and to assess the land on both water sheds exactly the same. If the other water shed in the district from that in which appellant's land is located should cost twice as much to drain as the one in which the land is

located, then manifestly, appellant is assessed for doing a piece of work that does not benefit his lands.

*Sillers & Owen,* for appellees.

Two questions are presented, first, did the failure of the clerk to send out notice by registered mail to the foreign or non-resident landholders of the drainage district within five days of the first publication of the notice render all of the subsequent proceedings void; and second, did the drainage commissioners of the county have a right to embrace two water sheds in the same drainage district? The following authorities are con-clusive of both questions: *Sykes v. Mayor, etc.,* 55 Miss. 115; *Kenosha v. Lawson,* 9 Wall. 457, 19 Law. Ed. 1725; *Cutler v. Madison County,* 56 Miss. 115; *Rogers v. Keokuk,* 18 Law. Ed. 75; *Town of Thompson v. Perrin,* 103 U. S. 806; *Ericson v. Cass,* 92 N. W. 841; *Stuart v. Board of Police,* 25 Miss. 479; *New Orleans, etc., R. Co. v. Hemphill,* 25 Miss. 17; *Ridley v. Ridley,* 24 Miss. 648; *Calhoun v. Ware,* 24 Miss. 146; *Erwin v. Heath,* 50 Miss. 795; *Kepler v. Wright,* 35 N. E. 1017; *Montgomery v. Wasson,* 15 N. E. 796; *Otis v. DeBore,* 19 N. E. 317; *Calkins v. Spaker,* 26 Ill. App. 159; *McMullen v. State,* 105 Ind. 333; *Ham v. Levee Commission-ers,* 83 Miss. 534, 35 South. 943; *Phillips v. Wickham,* 1 Paige, 590; *Hartwell v. Armstrong,* 19 Barb. 166; *Cooper v. Williams,* 27 Am. Dec. 745; *Craig v. People,* 188 Ill.; *Sumner v. Union Drainage District,* 175 Ill. 413; *Payson v. People,* 175 Ill. 267; *Cooper v. People,* 139 Ill. 461; *Drainage Commissioners v. Griffin,* 134 Ill. 330; *Munsey v. Joest,* 74 Ind. 409; *Reclamation District v. Burgess,* 122 Cal. 442; *Taylor v. Burnap,* 39 Mich. 739; *Camphugh v. Drainage Commissioners,* 105 Mich. 422.

SMITH, J. delivered the opinion of the court.

A petition in compliance with Code 1906, § 1684 having

been filed with the chancery clerk of Bolivar county for the formation of a drainage district, the clerk thereupon proceeded to give notice "to all persons interested," as required by section 1687 of the Code, except that he failed to send a copy of such notice by registered mail to the nonresident landowners within five days after the publication of such notice. All subsequent notices required by chapter 39 of the Code were given in accordance therewith. In due course a drainage district was formed, and the assessment of damages and benefits made and approved. In forming this district two watersheds were by the commissioners embraced therein. No objection to the formation of this district or to the assessment was interposed by appellant, who is a nonresident landowner, at any stage of this proceeding. Afterwards appellant filed his bill in the court below, praying that appellees, the drainage commissioners, be enjoined from issuing bonds provided for in section 1709 of the Code. Upon the hearing, the temporary injunction which had been obtained was by decree of the court below dissolved, and appellant's bill dismissed.

Appellant claims that the proceedings by which the drainage district was formed are void for two reasons: First, because of the failure of the clerk to notify the nonresident landowners by registered mail within five days of the first publication of the notice required by section 1687. Under the provisions of section 1711 of the Code, the failure of the clerk to give this notice does not invalidate the subsequent proceedings. As appellant had full notice of all subsequent proceedings, and was thereby afforded an opportunity to question the validity thereof, and to object to the assessment of damages and benefits, all the requirements of "due process of law" were met, even if it should be held that notice by publication was insufficient for this purpose, as to which we express no opinion. *Erickson v. Cass County,* 11 N D. 494, 92 N. W. 841; *McMillen v. Anderson,* 95 U. S. 37, 24 L. Ed. 335; *Davidson v. New Orleans,*

96 U. S. 97, 24 L. Ed. 616; *Hagar v. Reclamation District,* 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569.

It is next claimed that the action of the drainage commissioners in creating this district is void, for the reason that it embraces two watersheds. This objection cannot now be availed of, for the reason that section 1693 of the Code provides the only manner in which same can be made.

The decree of the court below is *affirmed.*