Jackson & E. Ry. Co. *v.* Burns *et al.*\*

(Division B. June 13, 1927. Suggestion of Error Overruled Sept. 19, 1927.)

[113 So. 907. No. 25958.]

1. Constitutional Law. *Where proceeding creating drainage district conformed to statute and required notices were given, there was due process of law, although property owner did not have actual notice (Laws 1912, chapter 195, and amendments thereto; Hemingway's Code Supp. 1921, sections 3812a-3812e).*

   Where a proceeding under chapter 195, Laws of 1912, and amendments thereto, creating a drainage district, conformed to the requirements of said act, and the notices required in said act are given, this constitutes due process of law, and the proceeding will be valid, although a property owner affected may not have actual notice thereof.

2. Drains. *Hearings in drainage district proceedings may be before chancellor in vacation any place in district pursuant to notice (Laws 1912, chapter 195, and amendments thereto; Hemingway's Code Supp. 1921, sections 3812a3812e).*

   Under said statute (Laws 1912, chapter 195, and amendments thereto), hearings may be had before a chancellor in vacation as effectually and fully as if in term time, and such hearing in vacation may be had at any place in the district in accordance with the notice given under the statute.

3. Judgment. *Judgments under record showing jurisdictional facts, proceedings creating drainage district, and legal assessments of benefits and damages, constitute "res judicata" (Laws 1912, chapter 195, and amendments thereto; Hemingway's Code Supp. 1921, sections 3812a3812e).*

Where the jurisdictional facts appear from the record, and the proceedings creating the drainage district and making assessments of benefits and damages thereon also appear from the record and conform to the law, judgments thereunder are conclusive, and constitute *res adjudicata.*

4. DRAINS. *Judgment validating drainage district bonds in regular proceedings pursuant to statutory notice is conclusive on all parties (Laws 1912, chapter 195, and amendments thereto; Hemingway's Code Supp. 1912, sections 3812a3812e).*

Where a drainage district is organized under said chapter 195, Laws 1912, and amendments thereto, and proceedings are instituted under chapter 28, Laws of 1917 (chapter 85A, Hemingway's Supplement 1921), and validation proceedings thereunder are regular, and notice is given in accordance with the statute, and bonds issued thereunder are validated, such judgment of validation is conclusive upon all parties and cannot thereafter be attacked for defenses which might have been interposed at that time.

5. DRAINS. *On dissolution of injunction against collecting drainage assessments, complainant is subject to damages.*

Where, after proceedings have been had, as indicated in the above syllabi, an injunction is sued out, and a writ of injunction granted restraining the collection of the assessments made, and such injunction is dissolved, complainant is subject to damages for the wrongful suing out of the injunction.

---

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 1262, n. 5, 6; Drains, 19CJ, p. 612, n. 43; p. 631, n. 23 New; p. 637, n. 2; p. 650, n. 74, 75; p. 661, n. 46, 47 New; p. 664, n. 5; p. 745, n. 38; Injunctions, 32CJ, p. 434, n. 81; p. 445, n. 53; As to necessity of notice to persons interested in proceeding for establishment of drains, see annotation in 60 L. R. A. 209; 9 R. C. L. 638; 2 R. C. L. Supp. 847; 4 R. C. L. Supp. 618; 6 R. C. L. Supp. 569. '

APPEAL from chancery court of Scott county.

HON. G. C. TANN, Chancellor.

Suit by the Jackson & Eastern Railway Company against W. W. Burns and others for an injunction. From a judgment for defendants, complainant appeals. Affirmed.

*Neville & Stone,* for appellant.

*Flowers, Brown & Hester* and *J. R. Rowzee,* for appellees.

Etheridge, J., delivered the opinion of the court.

A drainage district was created under the provisions of chapter 195, Laws of 1912, as amended by subsequent acts of the legislature, lying partly within Scott county and partly within Leake county. A proceeding was filed to organize the district on the 30th day of January, 1923, and the district was finally organized in September, 1923, and the proceedings were conducted in accordance with the provisions of that chapter; notice being given as therein required as to the organization of the district, the assessment of benefits and damages, and the assessment roll, when same was returned by the drainage commissioners, in pursuance of the act. Under the act, this notice was published in newspapers in Scott and Leake counties.

The appellant operates a line of railroad through said district, but at the time of the initial proceedings had not constructed its line throughout the length of the district.

When the assessment of benefits was made, the deeds to the right of way of a portion of the district had not been obtained, although the line had been surveyed and subsequent to the creation of the district and the assessment of benefits, etc., the validation proceeding was issued under chapter 28, Laws of 1917 (chapter 85A, Hemingway's Supplement of 1921), and notice was published as required by that act, and the bonds issued were validated by decree of the court, from which no appeal was prosecuted.

In the present case, the appellant filed a bill for injunction to prevent collection of the taxes assessed against it, setting up that the proceedings were unconstitutional and void as a denial of due process of law; that it had no notice of said proceedings until demand was made upon it to pay the taxes. It also complained

that the assessments made against it were unfair, partial, and arbitrary and unjust, that its right of way contained eighty-four acres of land, and that it was assessed with a benefit of one hundred thousand dollars, and that the taxes levied for the year amounted to one thousand five hundred dollars, being seven hundred fifty dollars from Scott county, and seven hundred fifty dollars from Leake county. It also contended that the proceedings were had before a chancellor in vacation and outside the counties in which the district lay; that notice of the meeting at which the benefits and damages would be assessed merely gave notice that a hearing would be held at Hickory, in Newton county, and gave no place in said town where the hearing would be held.

A preliminary injunction was issued, and appellees answered, setting up the validation proceedings in chancery under chapter 28, Laws of 1917 (chapter 85A, Hemingway's Supplement of 1921), and also denying that the proceedings under chapter 195, Laws of 1912, and amendments thereto, were a denial of due process of law, or illegal or irregular in any respect.

On motion to dissolve the injunction, evidence was taken as to the amount of reasonable attorneys' fee, and damages for the wrongful suing out of the injunction were awarded against the appellant and its bond.

The proceedings under chapter 195, Laws of 1912, and the amendments thereto, are judicial, and notice given in pursuance of the statute constitutes due process of law, and judgments rendered are valid and binding. *Jones* v. *Belzoni Drainage Dist.,* 102 Miss. 796, 59 So. 921; *Cox* v. *Wallace,* 100 Miss. 541, 56 So. 461; *Wilkinson* v. *Gaines,* 96 Miss. 688, 51 So. 718; *Wooten* v. *Hickahala Drainage District,* 116 Miss. 787, 77 So. 795; *Board of Supervisors of Yazoo County* v. *Grable,* 111 Miss. 893, 72 So. 777. The validation proceedings under chapter 28, Laws of 1917, are conclusive, and cannot be questioned after the bonds have been validated. *Parker* v. *Board*

*of Supervisors of Grenada County,* 125 Miss. 617, 88 So. 172.

Where the jurisdictional facts appear from the record, judgments on the organization of the district are conclusive and *res adjudicata.* *Borroum* v. *Purdy Road District,* 131 Miss. 778, 95 So. 677; *Liddell* v. *Noxapater et al.,* 129 Miss. 513, 92 So. 631; *Dye* v. *Sardis,* 119 Miss. 359, 80 So. 761; *Johnson* v. *Yazoo County,* 113 Miss. 436, 74 So. 321; *Wolford* v. *Williams,* 110 Miss. 637, 70 So. 823; *Hinton* v. *Perry County,* 84 Miss. 536, 36 So. 565.

It is contended, however, that the court had no jurisdiction to create a district and make the assessments here involved, because, under the act, it is not authorized to do so in vacation. We think a careful reading of the statute shows that the legislature intended to confer jurisdiction on the chancellor to act in vacation as fully and completely as in term time, in all matters concerning the organization and an assessment of benefits and damages, the scheme being to have a chancellor capable of acting at any time, whether in term time or not, to the end that there might not be undue delay in conducting proceedings and that hearings might be had, so that districts could be created. By the terms of the act itself, the court is required to give it liberal construction in favor of the creation and organization of drainage districts.

We think the appellant was bound by the judgment of which he had due notice as required by the statute; that is to say, the statute requires notice to be published in newspapers in each county in which the district is situated, and this was done. The proceedings are *in rem,* and not *personam,* and we think every property owner within the district should know what lands he owns or what rights in lands he owns in such districts, and when he sees the newspapers he should make such investigations as are necessary to protect his interests. From the description of the district the appellant would have known, had it seen the notice, that its lines would likely be affected. The statute expressly provides that rail-

roads shall be treated as real estate, and, although the railroad's right of way was not described in the proceedings for organization, and was not described specifically until the assessment was made against it, if the appellant had prepared itself by taking and reading the papers in the district, and pursuing inquiry, as it was charged to do by the statute authorizing the proceedings to be conducted, and notice to be given in this method, and had followed up, by inquiry what lands were to be embraced in the district, it could have presented its case in the proper forum, at the proper time, and it appears highly probable that, if it had presented this contention at the right time and place, it would have received a more favorable assessment than it has received. These matters, however, are for the determination of the proper authority, in the proper proceeding, on proof, and, if the proceeding is conducted in accordance with the statute, and no appeal taken from the orders, they are finally then bound.

We think the appellant, having sued out an injunction, subjected itself to damages, and there was no error in the chancellor's decree awarding damages. We do not think it necessary to now determine whether the appellant's right of way could be sold or not. We presume that the appellant will pay the charges assessed against it when the judgment becomes final, and we will not determine that question until it arises under the proceeding to enforce the judgment.

The judgment of the chancellor is affirmed.

*Affirmed.*