CITY OF WEST POINT *et al. v.* HAWKINS.

(Division B. Jan. 16, 1933.)

[145 So. 345. No. 30320.]

McClellan & Tubb, of West Point, for appellants.

Magruder, Walker & Magruder, of Starkville, for appellee.

Argued orally by **T. McClellan**, for the appellant, and by **W. W. Magruder**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee, as the owner of lot 11, block 98, in ward 4, in the city of West Point, which lot abuts on Calhoun street, filed his bill to enjoin the city from enforcing a special assessment against said lot for paving improvements. Acting under the provisions of chapter 194, Laws 1924, the city had proceeded to take the steps, and all the steps, necessary to make certain special improvements on Calhoun street, including the pavement, and had determined to apportion the costs thereof in part to the city and the remainder to the abutting property on each side of the street; and accordingly an assessment of the proper share of the costs in proportion to the frontage of appellee's lot was made against said lot. It was necessary to issue and sell the bonds of the city to procure the money to do this work, both for the city's share of the expense and for that to be charged against the abutting property. And when all the necessary steps had been taken and all the precedent resolutions and ordinances had been passed, the city instituted validation proceedings under what is now chapter 10, Code 1930; there being two such proceedings, one to cover the

bonds for the city's part of the costs, and the other to cover the bonds to be issued against the assessments upon abutting property.

Certified copies of the records of the proceedings were duly made and forwarded to the state's bond attorney, his opinion was received that the proposed bonds were valid, the causes were duly docketed in the chancery court, a day was fixed for the hearing of objections, and the statutory notice was given to all persons interested to appear and object, if desired. No objections were filed, and in each of the causes a decree was made and entered adjudging that all the necessary steps had been duly and properly taken, and that the bonds were valid in every respect; no appeal was taken from the decrees or either of them; and the bonds were sold and the work of improvement was done.

The main objections now urged by appellee in his bill, filed long after the validation proceedings, after the bonds were sold and the work done, are: (1) That no original resolution of necessity was adopted by the governing authorities of the city; (2) that no notice was given to complainant, appellee, that such work had been declared necessary; and (3) that no valid meeting was held by the board for the purpose of hearing protests and objections to such improvements. The present record shows that the said objections now advanced by appellee are based upon the fact that the resolutions and orders and ordinances of the municipal board dealing with these matters were not written out upon the original pages of the minute book, but were typewritten on separate sheets and these sheets were glued or pasted to the pages of the minutes or were bradded thereto, and that in one case the typewritten sheets had come loose, and at the time of the institution of the suit were simply lying unattached between the leaves of the minute book. It is the contention of appellee that these proceedings had not, as a matter of law under the facts,

been validly made a part of the minutes of the municipal board, and that, since the board could speak only by its minutes duly kept and recorded, there was no foundation upon which the proceedings could rest in so far as any special charge against the property of appellee was concerned, although appellee admits that, as a result of the validation proceedings, the bonds have, as such, become .unassailable and must be paid; but, as he insists, only through general and ad valorem taxation.

There can be no doubt that during the times when these proceedings were in fieri appellee could have appeared before the municipal board and there presented the objections now urged by him. But leaving this point aside, there is no doubt that every one of the objections above mentioned could have been made by appellee and would have been heard by the court if made in the validation proceedings. Appellee was as fully a party defendant to those validation proceedings as if he had been specifically named therein as a defendant and had been personally served with a summons to appear and defend against them. Appellee could then have appeared and objected that the resolutions, orders, and ordinances certified as having been passed and entered by the municipal board, and which were exhibited as a part of the record in the validation proceedings, had not in fact been passed and duly entered on the minutes; and it may be that the court would properly have held that the objections were well taken, as to which, however, we express no definite opinion. But appellee made no such objections, and the effect of the decree of validation was to adjudicate that every one of the steps mentioned had been validly taken and validly entered of record; and since appellee was a party defendant to those proceedings, the further effect is that the adjudication was final against appellee upon every material issue presented by the validation record, and this finality precludes him from objection subsequently made after the bonds have

been sold and the work has been done. It was his duty to make the objections when the validation proceedings were up for issue and hearing, and not having then made them, it was thereafter too late; it not being charged or proved that there was any actual fraud in the proceedings. There is presented simply another case for the application of that ancient maxim that "he who does not object when he should, will not be heard later to object when he would;" and more than that: The case has advanced, because of the finality of the decree in the validation proceedings, to the point where the above-mentioned issues now sought to be reopened by appellee have become res adjudicata as to him and as to all others and beyond the reach of any such attack as is here attempted. Jackson & E. R. Co. v. Burns, 148 Miss. 7, 113 So. 908; Love v. Mayor & Board of Aldermen of Yazoo City, 162 Miss. 65, 138 So. 600.

Other points were raised by appellee, and these have been examined, but we are of opinion that none of them are sustained by this record.

Reversed, and bill dismissed.