## CITY OF LEXINGTON *v.* WILSON'S ESTATE.

(Division A.  Nov. 20, 1933.)

[151 So. 164.  No. 30615.]

Ruff, Johnson & White, of Lexington, and Green, Green & Jackson, of Jackson, for appellant.

J. Morgan Stevens, of Jackson, **A. M. Pepper** and **Boothe & Pepper,** all of Lexington, for appellee.

. Argued orally by **Garner Green** and **H. H. Johnson,** for appellant, and by **A. M. Pepper** and **J. Morgan Stevens,** for appellee.

**McGowen, J.,** delivered the opinion of the court.

There was a former appeal of this case, Wilson v. City of Lexington, 153 Miss. 212, 121 So. 859, wherein an assessment in a paving proceeding was reversed and the cause remanded because the assessment was a mere scrap of paper—a nullity, the board of mayor and aldermen not being legally constituted to act at the time the assessment was made, as was pointed out in the former opinion.

After the cause was remanded, the appellant, city of Lexington, proceeded on the authority of section 8, chapter 194, Laws 1924, section 2565, Code 1930, to reassess the property, the applicable part of said section being: "If any special assessment made herein to defray the whole or any part of the expense of any local improvement shall be, either in whole or in part annulled, vacated or set aside by the judgment of any court, or if the governing authority of a municipality shall be satisfied that such assessment is so irregular or defective that the same cannot be enforced and collected, . . . the governing authority of the municipality is hereby authorized to take all steps to cause a new asessment for the whole or any

part of any improvement, or against any property bene-
'fited by any improvement, following as near as may be
the provisions of this chapter, and in case such second as-
sessment shall be annulled the governing body may make
other assessment until a valid assessment shall be made.''

On June 4, 1929, the board reassessed the property of
Wilson and others on Yazoo street, but neither in that
resolution of reassessment nor in any other did the board
declare the costs of the project, as required by the open-
ing paragraph of section 8, supra. Wilson then and there
appeared and objected to the reassessment of his prop-
erty, and appealed to the circuit court, where upon a hear-
ing the circuit judge declared the assessment void; and
from the judgment of the circuit court, appeal is prose-
cuted here. The former record is made a part of this
record.

In a former opinion, the facts as to the resolution of the
board of supervisors, precedent to the assessment, were
sufficiently stated and will not be repeated here, but the
appellee, Wilson, raises the same objection to the pre-
cedent resolutions as was made on the former appeal.

On October 4, 1926, a decree was entered validating
bonds issued by the governing authority of the city of
Lexington for the improvement of Yazoo street, which
were issued under the authority of sections 13 to 18, in-
clusive, of chapter 194, Laws 1924. There is no objection
to the sufficiency of the decree of validation of the bonds
issued by the city to pay for this improvement, and there
was no appearance of any taxpayer, although due notice
was given and the bonds were validated under the exist-
ing law, which is the same in this behalf as chapter 10 of
the Code 1930 (section 312 et seq.).

The contract for the improvement here involved was
let on July 6, 1926, and although the statute requires that
a contractor shall give a bond, no bond was given. He
completed this work according to this record, and a final
settlement was made with him, the city approving his

work on June 11, 1927. There was no objection made by any taxpayer at the time, nor was there until the governing authority undertook to levy an assessment on the property of the abutting property owners to pay the cost of the improvement.

1. Appellant, the city of Lexington, contends here that the decision and judgment in the former case is res adjudicata, but this contention is without merit as the court pointed out that only one point was decided therein.

2. The appellant contends that the circuit court was without jurisdiction to hear this appeal, and without jurisdiction to declare the assessment void, its contention being based upon a change in the statute relative to an appeal from assessments for special improvements. When the reassessment here under consideration was made by the governing authority, appeal from this decision was controlled by the following language found in section 6, chapter 194, Laws 1924: "Any property owner aggrieved by the decision of the governing authority may appeal to the circuit court in the manner allowed in such cases by section 81 of the code of 1906, and the judgment on appeal shall be as provided by section 81 of the code of 1906." The appeal from the reassessment by Wilson and others was perfected within due time in October, 1929, and the record promptly filed in that court, where it was a pending case. Section 81 of the Code of 1906 did not require a bill of exceptions; the appeal was on the record.

Section 2563, in its last sentence, changes the law in this language: "Any property owner aggrieved by the decision of the governing authority may appeal to the circuit court." Appellant now contends that the appeal was a nullity, because when this law went into effect on November 1, 1930, a bill of exceptions was thereby required. There is no merit in this contention. Conceding that the change has been effected in the manner of appeal, as contended by the appellant, for the obvious reason that section 4 of the introductory chapter of the Mis-

sissippi Code of 1930 protects all accrued rights acquired by a litigant, the appeal was in conformity with the laws in existence at the time it was taken, and the advantage, if one was effected, did not abolish the appeal of the case.

3. It is contended that the presumption created by section 9, chapter 194, Laws 1924, section 2567, Code 1930, operated to validate and rectify all errors in the record. Section 9 is not applicable against him when the taxpayer has prosecuted an appeal from the assessment, and not until the assessment has become final, as set forth in said section. See Wilson v. Lexington, 153 Miss. 212, 121 So. 859.

4. As we have before stated, in the effort to reassess the property, the board, on different dates, passed two resolutions, neither of which complies with section 6, chapter 194, Laws 1924, which is in this language: ". . . When the improvement has been completed, the governing authority shall ascertain and determine the cost of the improvement and declare the same by resolution." Although this court decided on the former appeal of this case that it was fundamental that this provision of the law be complied with, there was scarcely an effort so to do, and the assessment for that reason alone is invalid, and the action of the circuit court in so declaring the assessment must be affirmed.

However, we think it is our duty to decide the questions presented, so that there may be no confusion if other proceedings shall be had in an effort to assess the property for this improvement.

5. We are of the opinion that all objections made to the entire record prior to the date of the decree of the chancery court validating the bonds are fully concluded by that validation decree. This very point was decided in the case of City of West Point v. Hawkins, 164 Miss. 591, 145 So. 345, wherein an injunction was sought against an assessment because the initial proceedings were not of record. The court clearly intimated that had the defect

in the anterior proceedings been presented in the chancery court on the hearing of the validation proceedings, it would have been good. It was certainly serious. But the court then declared that the validation proceedings were conclusive, and in that case there was an effort to enjoin the enforcement of the assessment in pursuance of the proceedings. Likewise in the case of Love v. Mayor & Board of Aldermen of Yazoo City, 162 Miss. 65, 138 So. 600, this court held that although the section of law under which the bonds were issued might be declared unconstitutional, the assessment could not be enjoined because the validation proceedings had precluded him from raising the question after that decree became final. Also see Jackson & Eastern R. Co. v. Burns, 148 Miss. 7, 113 So. 908.

It is insisted by appellee that no reassessment could be had in this case unless all the requirements of chapter 194 had been complied with. The statute expressly confers upon the governing authority of a municipality, in section 8 thereof, quoted above, the power to assess again and again the property where the work has been completed and liability or expense incurred, and, so far as the statute is concerned, it is curative of every defect in the record precedent to the attempt to levy the assessment upon the property. The language is as broad as could be written, in other words, so far as the language of the statute is concerned with the power to assess, where an improvement has been made on the street, so far as the abutting property owner is concerned, it may be summarized in the statement we learned in common school, "If at first you don't succeed, try, try again." Independent of the validation proceedings, the quoted part of section 8, supra, undertakes to cure all defects existing in proceedings where the work has been done and the cost incurred; and it only remains to be declared that the Legislature has the power to dispense with the precedent resolutions and to permit the governing authority of a

municipality to improve the streets and charge the costs thereof to the abutting property owners as against the property of the abutting property owners without notice anterior to the date of the assessment. As to the assessment, if notice is given the property owner, then due process of law is complied with. See Barron v. City of McComb, 163 Miss. 337, 141 So. 765.

In Seattle v. Kelleher, 195 U. S. 359, 25 S. Ct. 44, 46, 49 L. Ed. 235, Mr. Justice Holmes said: "A special assessment may be levied upon an executed consideration, that is to say, for a public work already done. Bellows v. Weeks, 41 Vt. 590, 599, 600; Mills v. Charleton, 29 Wis. 400, 413, 9 Am. Rep. 578; Hall v. Street Com'rs, 177 Mass. 434, 439, 59 N. E. 68. If this were not so it might be hard to justify reassessments." Also see the opinion of Mr. Justice Pitney in Schneider Granite Co. v. Gast Realty & Inv. Co., 245 U. S. 291, 38 S. Ct. 125, 126, 62 L. Ed. 295, where it is said: "Being well settled that where a special assessment to pay for a particular improvement has been held to be illegal, the Constitution of the United States does not prevent the making of a new and just assessment to pay for the completed work." A similar statute was so construed in Phipps v. City of Medford, 81 Or. 119, 156 P. 787, and also in the same case in 158 P. 666, 668, and likewise in Hall v. Fairchild-Gilmore-Wilton Co., 66 Cal. App. 615, 227 P. 649, 656, and Brown v. City of Silverton, 97 Or. 441, 190 P. 971, 975.

A reassessment is an independent proceeding in itself. Cowart v. Union Paving Co., 216 Cal. 375, 14 P. (2d) 764, 766, 83 A. L. R. 1185.

In the case of Olson v. City of Watertown, 57 S. D. 363, 232 N. W. 289, 290, the court there held that a statute which authorized a reassessment would be valid although it should be conceded that all the proceedings to pave were without jurisdiction and void.

The statute here invoked is practically a rescript of the statute in force when the case of Frederick v. City of

Seattle, 13 Wash. 428, 43 P. 364, was decided, and that court takes the position, as do a majority of the courts of this country, that if the work has been completed and the expense incurred, even though the precedent steps have been irregular and declared null and void, such a statute authorizes the municipality to pursue its object to an accomplished end until it attains its purpose, regardless of the objections which do not measure up to the standard of equity and good conscience.

The authority is so ample as to be almost overwhelmingly so, that a de novo proceeding is not necessary where a statute authorizes a reassessment such as we have before us. A de novo proceeding is impossible, the paving in the city of Lexington on Yazoo street is completed, and has been paid for by its governing authority. The improvement has been made, and the property of the taxpayer has been enhanced presumably and theoretically, and it is not now necessary under section 6 to undertake to do the needless thing, which could not now be done. The contract could not be let again. It is clear to us that even though the taxpayer has succeeded in having the courts declare the precedent step taken by governing authority to be irregular and void, the Legislature has anticipated just such a contingency as here arises and has authorized an assessment for the payment of legally ascertained expenses or costs of the project. The expense incurred is sufficient consideration for the reassessment if the property owner is given notice thereof and his day in court. The state of case here presented makes the reassessment under section 8 the only practical thing to be done under this chapter. The improvement is already an accomplished fact, and the legislative fiat is that the abutting property owner may be made to pay the costs thereof when legally ascertained. The complaint of the appellee is one addressed to the Legislature and the governing authorities of the municipality, political in its nature and not judicial. The quoted part of section 8

authorizes a municipality, where the contract has been completed, to continue to undertake to levy the assessment of the costs upon abutting property owners in the matter upon notice as required by the statute until the assessment is accomplished. It may be said that it is idle for one to object to the precedent resolutions, and have his objections sustained by the court finally to be met with the fact that his property may be assessed notwithstanding the errors, defects, and void proceedings. Likewise, this should be addressed to the political, and not to the judicial branch of the government.

We conclude in this case that the effort to reassess is ineffective for the sole reason that the board did not pass the resolution fixing the costs of the several improvements which were made on Yazoo street. There is no constitutional objection to the statute authorizing a reassessment herein, but such reassessment must conform to the statute relative thereto. It is practical and essential so to do.

Affirmed.