CITY OF CLARKSDALE *v.* FITZGERALD *et al.*

(Division B.   Feb. 21, 1938.)

[179 So. 269.   No. 33021.]

**J. M. Talbot,** of Clarksdale, for appellant.

138

Maynard, Fitzgerald & Maynard, of Clarksdale, for appellees.

142

Argued orally by **J. M. Talbot**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

The mayor and commissioners of the city of Clarksdale had a part of one of the streets, Riverside avenue, paved and undertook to assess a portion of the costs

thereof to the abutting property owners, the appellees. From the proceedings of the board making such assessments, the abutting property owners appealed to the circuit court by means of a special bill of exceptions. The circuit court held the proceedings void and entered a judgment accordingly. From that judgment the city prosecutes this appeal.

The paving was laid in the latter part of 1936 and about completed before the mayor and commissioners made any attempt to comply with sections 2560 to 2665, inclusive, Code 1930. After the work was done, in December, 1936, they did comply in every respect with the Code provisions in reference to such improvements, including notice and opportunity of a hearing in the making of assessments.

The questions for decision are whether there was any statute authorizing the action of the board taken after the completion of the work, and, if so, whether the enforcement of such statute violates the due process clause of the Federal and State Constituions. Const. Miss. 1890, sec. 14; Const. U. S. Amend. 14. Under the authority of Barron v. City of McComb, 163 Miss. 337, 141 So. 765, 766, and City of Lexington v. Wilson's Estate, 170 Miss. 282, 151 So. 164, the first question must be answered in the affirmative and the second in the negative.

Going now to the questions in the order stated. The city contends that the subsequent action of the board was authorized by either one, or both, of two curative statutes, section 5 of chapter 246, Laws of 1934, which is section 2565, Code of 1930, amended, and chapter 285, Laws of 1936, which went into effect on March 26th of that year, and which antedated both the paving and the validating proceedings. The abutting property owners contend that the latter statute has no application because by its terms it is retroactive—not prospective. We pass that question undecided because we are of the opinion that section 5 of the act of 1934 is controlling; that section fol-

lows: "If any special assessment made herein or attempted to be made in accordance with or by virtue of the authority conferred in any other law heretofore in force, to defray the whole or any part of the expense of any local improvement, shall be, either in whole or in part, annulled, vacated or set aside by the judgment of any court, or if the governing authority of a municipality shall be satisfied that such assessment is so irregular or defective that the same cannot be enforced, or if the governing authority shall have omitted to make such assessment when it might have done so, the governing authority of the municipality is hereby authorized to take all steps to cause a new assessment for the whole or any part of any improvement, or against any property benefited by any improvement, following as near as may be the provisions of this chapter, and in case such second assessment shall be annulled, the governing body may make other assessments, until a valid assessment shall be made."

In both of the above cases the court had under consideration section 2565, Code of 1930. In both, the paving proceedings were absolutely void. The court held that they could be validated by the municipalities under section 2565, Code of 1930. We are of the opinion that section 5 of chapter 246, Laws 1934, is fully as broad as that statute.

The abutting property owners were not denied due process; they were not entitled to notice and opportunity of a hearing except as to the action of the city authorities in making the assessments. In the McComb Case the court said that "the Legislature has full power to validate an unauthorized act of a municipality which it had the power, under the Constitution, to authorize in advance," and that notice and an opportunity of a hearing on the proposition of doing the work was not required. In the Lexington Case the court held that due process was complied with by notice and an opportunity

of hearing when the assessment was made. As above stated, these property owners had that notice and opportunity of hearing. In the final order the city authorities ratified and confirmed all previous action on the subject, and in addition recited that all the property involved was benefited and increased in value in a sum greater than the assessments.

The property owners rely largely on Town of Macon v. Patty, 57 Miss. 378, 34 Am. Rep. 451. In that case Justice George, who wrote the opinion, stated that when a taxing district was less than a legal subdivision of the state, the property owners therein would be denied due process unless given notice and an opportunity to protest against its organization. The opinion itself states, however, that this was not the opinion of the court but of Justice George alone. Under the McComb and Lexington Cases a taxing district may be authorized either by direct action of the Legislature or through an agency established by law with that power, and due process does not come into play except as to the assessment of the property of the district for taxation.

Reversed and judgment here.