ROY NOBLE LEE, Presiding Justice,
for the Court:
H.M. Cox, Mrs. J.C. Broderick and Joe Wiedeman have appealed from a judgment of the Chancery Court, First Judicial District of Hinds County, Mississippi, dismissing their complaint against Jackson Municipal Separate School District for a temporary restraining order and declaratory judgment prohibiting the Jackson Municipal Separate School District from erecting buildings, leasing classrooms, making repairs and alterations on school facilities, incurring any indebtedness and taking any action pursuant to resolutions of the district adopted April 28, April 30 and June 9, 1986, on behalf of Jackson Municipal Separate School District.
The Mississippi Legislature enacted the Emergency School Leasing Authority Act of 1986 (Senate Bill 2121) during its 1986 Regular Session. Subsequently, in the session, the Legislature enacted the Uniform School Law of 1986 (Senate Bill 2117), § 9 of which brought forward the leasing powers in the Emergency School Leasing Authority Act together with other funding provisions passed earlier in the session. The relevant portion of those acts have been codified as Mississippi Code Annotated § 37-7-301 (Supp. 1986), and will be referred to as the “Leasing Act.”
The Leasing Act sets forth an alternative method of providing for school facilities through multi-year leasing authority with discretionary funding vested in the city council, or board of supervisors, wherein the school districts are located. The preamble to the Leasing Act[1] states:
The Legislature finds and declares that there exists an urgent shortage of adequate public school facilities, equipment and capital with which to provide such facilities and equipment for the attainment of a satisfactory level of public education in the schools of this State, and that this situation has become a critical priority of many school districts in order to provide adequate space for kindergarten programs as mandated by the Education Reform Act of 1982. It is the purpose of this Act to provide the boards of trustees of the school districts of this State with additional options with which to provide for facilities, equipment and other property necessary, in the judgment of the boards of trustees of such school districts, to properly carry out the local education needs of the local school districts.
The Education Reform Act of 1982 mandated that school districts provide kindergarten facilities by the Fall of 1986. The State funded less than half of the costs for the first year and local school districts were required to fund the balance. Failure to implement the kindergarten program meant loss of accreditation, which would result in the loss of state funds. The Jackson District would lose 36 million dollars had it not complied.
Jackson school facilities in early 1986 could not accommodate the 3,000 new kindergarten students who enrolled in September, and the school district officials determined that the only realistic means of providing the necessary facilities was through the acquisition of prefabricated/relocatable classrooms. The Leasing Act provided the authority by which the purpose could be accomplished. The school board determined that a five-year lease/purchase program would be the best and least burdensome method to acquire the facilities, which would cost approximately 2.7 million dollars. In furtherance of the plan, on April 28, 1986, the school board adopted an initial resolution of need required by the Leasing Act and notice of the resolution was published on April 29, May 6 and May 13, 1986. No petition was filed in contest *267 during that period or prior to final action by the school board on the proposed leasing program.
In addition to the kindergarten program, acting pursuant to the Leasing Act, the school board adopted a resolution on April 30, 1986, declaring a need for leasing of three school buildings and expressing its intent to enter into the leases. The statutory notice was published on May 9, May 16, and May 23, 1986, and no petition for a referendum was filed against it. The leases were to provide for renovation of two existing school buildings and the lease for an entirely new school in Northwest Jackson. On June 9, 1986, the school board entered its order authorizing school district officials to proceed with the lease program. This program involves an expenditure of approximately 24 million dollars.
For the past fifteen (15) years, the school board has obtained funding for repairs through and under Mississippi Code Annotated § 37-59-101, et seq. (1972), known as the Short-Term Note Levy Statutes, which authorize school districts to borrow money to be repaid by a tax levy of not exceeding two (2) mills for a five-year period for certain specified purposes.[2] The school board adopted a resolution on June 9, 1986, to obtain such funding, but the action was rescinded and is not now involved in this cause.
I.
THE NOTICE PROCEDURE SET FORTH IN THE LEASING ACT IS CONSTITUTIONALLY ADEQUATE AND THE LEASING ACT DOES NOT VIOLATE THE MISSISSIPPI CONSTITUTION OR THE UNITED STATES CONSTITUTION.
II.
COMPLAINT AGAINST THE LEASE OBLIGATION FOR NEW KINDERGARTEN CLASSROOMS IS BARRED BY THE VALIDATION DECREE.
Appellants contend that the Leasing Act, Mississippi Code Annotated § 37-7-301, violates due process guarantees in the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution of 1890, because it does not provide for adequate notice. The Legislature provided in the act that a school board, by resolution, may declare (1) that a need exists for school buildings, and (2) that the school district cannot provide the necessary funds to meet the present needs. The resolution must then be published once each week for three consecutive weeks, and, if no petition is filed by twenty percent (20%) or fifteen hundred (1,500) electors (whichever is less) of the school district, the board may proceed to lease the school buildings, subject to funding. Opportunity was given for citizens to question the action of the board and to require further action by referendum. In Nebbia v. New York, 291 U.S. 502, 525, 54 S.Ct. 505, 510, 78 L.Ed. 940 (1934), the United States Supreme Court said:
[T]he guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained.
In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Court said:
An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations omitted]. The notice must be of such nature as reasonably to convey the required infor-mation_
339 U.S. at 314, 70 S.Ct. at 657.
In In Re Litdell, 232 So.2d 733, 735 (Miss.1970), the Court stated that due pro *268 cess requires only that reasonable notice be given.
We held in In re: Validation of $7,800,-000 Comb. Util. Sys., 465 So.2d 1003, 1018, 1020 (Miss.1985), that there is no due process right on a similar question, i.e., bond issue.
Appellants contend that the lower court erred in finding that the validation decree entered with respect to the lease obligation for new kindergarten classrooms barred an attack on that proceeding. We do not agree. Mississippi Code Annotated § 31-13-1, et seq. (1972) applies to notes, bonds, and any written obligations of public bodies. Kindergarten leases constituted written obligations and were covered by the validation statutes. Mississippi Code Annotated § 31-13-7 provides that a validation decree
shall be forever conclusive against the county, municipality, or district issuing same; and the validity of said bonds or other written obligations shall never be called and questioned in any court in this state.
In In Re: Validation of $7,800,000 Combined Utility System, 465 So.2d 1003, 1012-13 (Miss.1985), this Court stated that “subsequent to the bond validation decree becoming final, taxpayers may riot be heard to complain of the legality or constitutionality of any facet of the bond issue or the project to be funded.” (Emphasis added) See also City of West Point v. Hawkins, 164 Miss. 591, 145 So. 345 (1933) and Love v. Mayor and Board of Aidermen of Yazoo City, 162 Miss. 65, 138 So. 600 (1932). We are of the opinion that the validation decree foreclosed all complaints to leasing facilities under the Leasing Act for kindergarten facilities.
The learned chancellor below entered the following judgment:
THIS DAY this cause came on to be heard on the merits of the Complaint filed herein and the Answer of the Jackson Municipal Separate School District, and the Court, having heard and considered the testimony of the witnesses, the stipulation of the parties, the arguments and briefs of counsel, and being fully advised in the premises, does order and adjudge as follows:
1. The Lease between the Jackson Municipal Separate School District and Mississippi School Supply, A Division of MISSCO Corporation, of approximately 43 relocatable classrooms for use as kindergarten facilities, dated June 9, 1986, has been duly validated by Decree of the Chancery Court of the First Judicial District of Hinds County pursuant to Miss. Code Ann. § 31-13-1 et seq. in Cause No. 130,563. There having been no objection to validation filed in that proceeding by any taxpayer, there is no right of appeal from that Decree and it is now final. The Decree of Validation is conclusive of the validity of that Lease and is res judicata of every issue presented in this case with respect to that Lease. Love vs. Mayor and Board of Aldermen of Yazoo City, [162 Miss. 65], 138 So. 600 (Miss.1932). That Decree is not now subject to review by this Court or any other court of this state.
2. The Resolution of June 9, 1986, initiating the proposed $6 Million Short Term Note Levy was previously rescinded by the School Board of the Jackson Municipal Separate School District. All allegations in the Complaint and now before this Court on the record with respect to that Resolution are moot, entitling Plaintiffs to no relief whatsoever.
3. The Emergency School Leasing Authority Act of 1986, Miss.Code Ann. § 37-7-301 (also known as Uniform School Laws Section 9 and Senate Bill 2121) is a valid exercise of the legislative power of the State and is constitutional. The statute is not ambiguous. Its notice provision is clear and calculated to provide reasonable notice, as determined by the Legislature. The notice given by the School District with respect to the estimated $20 Million proposed Leasing Program involving three buildings complied explicitly with the requirements of the statute. The Resolution was duly published according to the requirements of the statute. No Petition requesting a *269 referendum was filed within the time required by the statute.
4. There is no basis in law or in fact for the relief requested in the Complaint and it should be dismissed.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Complaint be dismissed and that Plaintiffs pay the court costs of this proceeding.
We are of the opinion that the chancellor was eminently correct in dismissing the complaint filed in this cause.
The appellants assigned eleven (11) errors in the trial below. Those questions discussed hereinabove are dispositive of the case. We have reviewed the other assignments of error, find that there is no merit in them, and are of the opinion that further discussion will not be necessary or helpful.
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.

. The emergency facing the Jackson Municipal Separate School District is readily understandable. The district has a debt capacity of $200 million, yet its present bonded indebtedness is less than $10 million. Electors of the district have not passed a bond issue for public schools since 1964, a period of twenty-two (22) years. The reason for the Emergency School Leasing Authority Act of 1986 is obvious.

. The levy has been increased to three (3) mills for a ten-year period under the Uniform School Act of 1986, Miss. Laws Ch. 492, §§ 186, 188.