Vincenzo PAGANO, Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, et al., Appellees.

No. 12130.

United States Court of Appeals District of Columbia Circuit.

Argued April 15, 1955.

Decided Oct. 13, 1955.

Mr. James W. Kelleher, Boston, Mass., of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of Court, with whom Mr. Dean B. Lewis, Washington, D. C., was on the brief, for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., William F. Becker, Asst. U. S. Atty., and Albert E. Reitzel, Asst. Gen. Counsel, Immigration and Naturalization Service, were on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's complaint, filed in 1953, asserts the following facts. Appellant applied for suspension of deportation in 1948. In May 1952 a hearing officer of the Immigration and Naturalization Service found that in 1922, in Italy, appellant had committed a crime involving moral turpitude, and ordered him deported. In May 1953 the Board of Immigration Appeals ordered that the "order and warrant of deportation be withdrawn and that the alien be permitted to depart from the United States without expense to the Government at such time and under such circumstances as the local office of the Immigration and Naturalization Service may prescribe. The alien should be given at least ninety days with-

in which to comply with this order." The Board denied appellant's application for suspension of deportation on the sole ground that he was ineligible for suspension because his conviction of July 28, 1922 involved moral turpitude. The Immigration and Naturalization Service afterwards ordered him to depart by September 15, 1953.

 The complaint asks a declaratory judgment that the criminal conviction in 1922 did not involve moral turpitude within the meaning of the Act of 1917, 39 Stat. 889, § 19, as amended, 54 Stat. 673, 62 Stat. 1206, and that the appellant "presently has the status of one whose deportation may properly be suspended under" the Act. The District Court granted the defendant's motion to dismiss the complaint on the ground that it failed to state a claim on which relief could be granted and that the court had no jurisdiction over the subject matter. Since it ruled that it lacked jurisdiction, it cannot have intended to rule on any other question. We think the court had jurisdiction. Shintaro Miyagi v. Brownell, 97 U.S.App.D.C. ——, 227 F.2d 33, and cases cited.

 Since the savings clause of the 1952 Immigration and Nationality Act, § 405(a), 66 Stat. 280, 8 U.S.C. p. 734 [8 U.S.C.A. § 1101 note] preserves appellant's rights under previous legislation, the court should determine whether, under the previous legislation, the Attorney General had discretion to suspend appellant's deportation, and if so, should direct him to exercise it. If the facts stated in the complaint are true, he has done so, if at all, on the basis of an assumption that is now conceded to be erroneous. Section 19(d) of the 1917 Act denies to persons convicted of crimes involving moral turpitude the benefit of either voluntary departure or suspension of deportation. Since the Board of Immigration Appeals authorized voluntary departure it must have decided, and the government conceded in oral argument here, that appellant's crime did not involve moral turpitude.

Reversed.