**CHARLES R. SHEPHERD, Inc.,
Appellant,**

v.

**Noel MONAGHAN, Chairman, State Tax Commission of the State of Mississippi, Appellee.**

**No. 17186.**

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

Rehearing Denied Sept. 4, 1958.

William Harold Cox, Jackson, Miss., for appellant.

John E. Stone, Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was brought by appellant for a declaratory judgment determining in its favor the question of its non-liability to the State of Mississippi for sales and use taxes which appellant claimed had been assessed against it without stat- utory authority therefor and for an injunction temporary and permanent against the collection of such taxes.

The appellee interposing a motion under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss, the district judge, "on the ground that the court does not have jurisdiction over the subject matter thereof and that the amended complaint fails to state a cause upon which relief can be granted", sustained the motion to dismiss and entered summary judgment against the plaintiff.

Appellant is here insisting, as its point one, that the Johnson Act, 28 U.S.C.A., § 1341,[1] on the basis of which the district judge sustained the motion to dismiss, is not applicable to this case for the reason that what is here claimed to be a tax is merely an arbitrary and unlawful demand which is not authorized by any statute in Mississippi and cannot in any sense be considered or character- ized as a tax imposed under state law. No claim is made, however, that if the exaction is a tax, the remedy afforded by state law is not fully adequate. Cf. Stone v. Kerr, 194 Miss. 646, 10 So.2d 845, and Stevens Enterprises v. Stone, 226 Miss. 806, 85 So.2d 461.

As its point two, it undertakes to enter into a discussion of the merits of the case to show that it states a cause of action and that it was error to award appellee a summary judgment.

The appellee, on its part, pressing upon us that the case falls within the letter and spirit of the Johnson Act,[2] supra, insists that the court correctly dismissed the case for want of jurisdiction. Pointing out that, read in context, it is quite clear that the district judge did not intend by the judgment to dispose of the case on its merits, appellee states specifically in its brief, "The entry of the summary judgment was merely a final determination by the court that it did not

---

1. "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341.

2. Cf. Corbett v. Printers Corp., 9 Cir., 127 F.2d 195; Toomer v. Witsell, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460; Stone v. Kerr, 194 Miss. 646, 10 So.2d 845.

have jurisdiction and was not a determination of the merits. Muscardin v. Brownell [97 U.S.App.D.C. 16], 227 F.2d 31; Pagano v. Brownell [97 U.S. App.D.C. 21], 227 F.2d 36."

We find ourselves in complete agreement with appellee, that appellant's contention to the contrary notwithstanding, it is quite plain that the matter involved is a tax and that under the Johnson Act the federal court has no jurisdiction to restrain its collection where, as here, an adequate remedy is provided for the recovery back if improperly collected.

We agree with the appellee, too, that the district judge did not intend to deal with or enter a judgment on the merits. Since, however, the judgment does not make this completely clear, it will be reformed by striking from it all references to a summary judgment, and, as reformed, it will be affirmed as a dismissal for want of jurisdiction.