**Norman Quincy WRIGHT,
Plaintiff-Appellant,**

**v.**

**Jerry McCLAIN, Director, et al., Defendants-Appellees.**

**No. 86–5102.**

United States Court of Appeals,
Sixth Circuit.

Argued May 12, 1987.

Decided Dec. 16, 1987.

Daniel J. Garber (argued), Hartland, Mich., for plaintiff-appellant.

W.J. Michael Cody, Atty. Gen., Jane W. Young, Raymond Leathers (argued), Nashville, Tenn., for defendants-appellees.

Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

RYAN, Circuit Judge.

Norman Wright appeals the district court's order dismissing his challenge to the constitutionality of Tennessee's Criminal Injuries Compensation Act of 1976, Tenn.Code Ann. § 29–13–101 *et seq.* (1987 Supp.) and § 41–6–102 of the Restitution Centers Act of 1976, which require parol-

ees to make monthly payments to a supervision fund and to a victim's compensation fund. Appellant also challenges the legality under Tennessee law of the state's administration of the statute. The district court dismissed plaintiff's action, agreeing with the magistrate that the action was precluded by the Tax Injunction Act, 28 U.S.C. § 1341 (1976). We affirm.

## I.

Plaintiff is a parolee from the Tennessee prison system. Tenn.Code Ann. § 40–28–201 (1987 Supp.) provides that any person on parole or granted a suspension of sentence in Tennessee, and who is gainfully employed and not a hardship case, must contribute five dollars per month toward the cost of his supervision and rehabilitation, and thirty dollars per month into the "criminal injuries compensation fund." Wright alleges that since Tennessee enacted the statute after he had committed his crime, the new law changes the legal consequences of his act and is therefore an *ex post facto* law which violates the United States Constitution.

The district court sent the case to a magistrate for a determination of whether the case was frivolous. Citing the Tax Injunction Act, 28 U.S.C. § 1341 (1976), which prohibits federal courts from interfering with the assessment, levy or collection of any tax under state law where an efficient remedy to challenge such tax may be obtained in the courts of the state, the magistrate determined that the case was frivolous. The district court adopted the magistrate's recommendation, dismissed the case as meritless, and invited the plaintiff to seek redress in the state courts.

## II.

The Tax Injunction Act is an expression of congressional purpose to promote comity and to afford states the broadest independence, consistent with the federal constitution, in the administration of their affairs, particularly revenue raising. The Act states:

> The District Court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

28 U.S.C. § 1341.

To avoid application of the Tax Injunction Act, plaintiff contends the assessments in question are fees rather than taxes under Tennessee law. He argues that the statute labels the assessments as "contributions" and not "taxes." He asserts that Tennessee law narrowly defines the term "tax" as a revenue raising assessment for the general fund, not a charge dedicated to a segregated fund for a special privilege granted or service rendered.

■ It is elemental, we think, that the label given an assessment by state law is not dispositive of whether the assessment is a "tax under state law." Rather, the definition of the term "tax" is a question of federal law, and the issue here is whether the assessmant in question is a tax within the meaning of that term as employed by Congress in the Tax Injunction Act. *See Robinson Protective Alarm Co. v. Philadephia*, 581 F.2d 371, 374–76 (3d Cir.1978); *Tramel v. Schrader*, 505 F.2d 1310, 1315 & n. 7 (5th Cir.1975); *Crane v. Commissioner of Dep't of Agriculture, Food & Rural Resources*, 602 F.Supp. 280, 282 n. 3 (D.Me. 1985).

We agree with the statement in *Robinson Protective Alarm Co.*, that:

> [T]he meaning of the term "tax under state law" in 28 U.S.C. § 1341 should be determined as a matter of federal law by reference to congressional policies underlying the Tax Injunction Act, rather than by adoption of state tax labels developed in entirely different legal contexts....

> .   .   .   .   .

> Thus, the state court's label of the City ordinance as a rental, not a tax, need not control our construction of the Tax Injunction Act in this case.

581 F.2d at 374, 376.

■ Federal courts, addressing the question whether a state imposed assessment constitutes a "tax," have sought to deter-

mine whether the assessment in question is for revenue raising purposes or merely a regulatory or punitive levy in the nature of a privilege fee. *See Robinson,* 581 F.2d at 376; *Tramel,* 505 F.2d at 1314–16. *See also Sipe v. Amerada Hess Corp.,* 689 F.2d 396 (3d Cir.1982); *Alnoa G. Corp. v. Houston,* 563 F.2d 769 (5th Cir.1977) *cert. denied,* 435 U.S. 970, 98 S.Ct. 1610, 56 L.Ed.2d 62 (1978). *Cf. Spiers v. Ohio Dep't of Natural Resources (In re Jenny Lynn Mining Co.),* 780 F.2d 585, 588 (6th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986), where we inquired whether an assessment was a charge for a personal service voluntarily engaged or revenue raising for the public's benefit in order to determine whether the assessment in question was a "tax" within the meaning of that term in the Bankruptcy Act.

Although the levies imposed under the statute are earmarked for the Corrections Department budget and not the general fund, they are no less for revenue raising purposes as distinguished from license or privilege fees, or punitive assessments. The purposes of the charges are to defray the cost to the general public of monitoring and supervising the behavior of convicted offenders and to compensate, in some measure, victims of criminal misconduct. Those purposes relate directly to the general welfare of the citizens of Tennessee and the assessments to fund them are no less general revenue raising levies simply because they are dedicated to a particular aspect of the commonwealth. We conclude, therefore, that the charges in question are taxes.

Accordingly, since it is undisputed that Tennessee offers appellant a plain, speedy and efficient remedy for the wrong of which he complains, the federal court is without jurisdiction to entertain this cause and the district court properly dismissed it.

AFFIRMED.